FILED
2025 Feb-12  PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

DOCUMENT 2

ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

### IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN,                )
by and through his wife and next     )
friend, ANA LUISA HERRIN, and        )
ANA LUISA HERRIN, individually,      )
                                     )
                                     )
        **Plaintiffs,**              )
                                     )
v.                                   )        **CIVIL ACTION NUMBER CV24 -**
                                     )

**KURT RUSSELL ALYEA, Individually; ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, a Corporation;** and **Defendants A, B and C,** the individual, corporation or entity who owned, rented or leased the tractor-trailer vehicle driven by KURT RUSSELL ALYEA, at the time of the incident made the basis of this complaint which occurred on or about December 19, 2024 on I-65 Northbound in Morgan County, Alabama; **Defendants D, E and F,** the individual who was operating the vehicle which struck the vehicle driven by KURT RUSSELL ALYEA, causing the collision made the basis of this complaint; **Defendant G, H and I,** whether singular or plural, that entity or those entities on whose behalf the tractor-trailer involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **Defendant J, K and L,** whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **Defendant M, N and O,** whether singular or plural, the Plaintiff intending to designate that individual or entities who or which negligently and/or wantonly entrusted the tractor –trailer to KURT RUSSELL ALYEA at the time of the incident made the basis of this complaint; **Defendant P, Q and R,** the person(s), firms(s), corporation(s), partnership(s) or other business organization(s), for whom the Defendant, KURT RUSSELL ALYEA, was acting as agent, servant, or employee at the time of the incident made the basis of this Complaint, within the line and scope of his employment while driving an 18-wheeler truck; **Defendant S, T and U,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **Defendant V, W and X,** whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; Plaintiff avers that the identity of the fictitious parties are otherwise unknown at this time, or if their names are known to Plaintiff their identity as proper party Defendant's is not known to Plaintiff at this time, but will be provided by amendment when ascertained jointly and severally;

                                     )
        **Defendants.**             )

1

DOCUMENT 2

## COMPLAINT

This is a civil tort action for damages for injuries to the plaintiffs.

COMES NOW the Plaintiffs, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, and ANA LUISA HERRIN, individually, in the above styled cause, by and through their undersigned counsel, and claims of the Defendants, as follows:

1.  Plaintiff, GERALD ELLIS HERRIN, is over the age of nineteen (19) years, is presenting incapacitated and, therefore, sues by and through his wife and next friend pursuant to Rule 17 of the Alabama Rules of Civil Procedure; and a resident of Madison County, Alabama.

2.  Plaintiff, ANA LUISA HERRIN, is over the age of nineteen (19) years, the wife and next friend of GERALD ELLIS HERRIN; and a resident of Madison, Alabama.

3.  Defendant, KURT RUSSELL ALYEA, (hereinafter sometimes referred to as "ALYEA"), is a resident of Shelbyville, Indiana, and is over the age of nineteen (19) years.

4.  Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, (hereinafter sometimes referred to as "TMC TRANSPORTATION") is a corporation organized under the laws of the State of Iowa and is authorized to and doing business in Morgan County, Alabama.

5.  Venue is proper in this court as the wrongful conduct giving rise to this action occurred in Morgan County, Alabama. The amount in controversy exceeds the $20,000.00 minimum of this court.

### COUNT ONE – NEGLIGENCE – KURT RUSSELL ALYEA, Individually

6.  Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 5 above.

7.  Plaintiffs aver that on or about December 19, 2024 the Defendant, KURT RUSSELL ALYEA, Individually, was operating a motor vehicle on Interstate 65 North at the Tennessee River Bridge in Morgan County, Alabama, when at said place and at said time, he so negligently operated the motor vehicle so as to allow or permit the motor vehicle (tractor-trailer/18 wheeler) to strike the vehicle being driven by Plaintiff, GERALD ELLIS HERRIN. Alyea had a duty to exercise reasonable care in driving his vehicle. Alyea negligently breached that duty.

8.  That as a direct and proximate consequence of the aforesaid negligence, the Plaintiff, GERALD ELLIS HERRIN, was caused to suffer the following injuries:

2

He sustained a traumatic brain injury and other injuries causing him to suffer great physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future; he has incurred medical expenses in the form of drug costs, physicians' charges, hospital charges, procedure charges, and other medical expenses for treatment and will continue to do so in the future; his physical capacity to do everyday activities and duties is diminished; he was caused to lose time for gainful employment and hence, suffered lost wages and will continue to do so in the future; he has sustained permanent physical impairment; he is unable to pursue activities and hobbies as he did prior to this collision, all to his detriment.

9. The Defendants, as described by fictitious parties A through X, whose more correct names and identities are unknown to the Plaintiff, but will be more correctly named and identified when ascertained by them, are the drivers, owners, insurers and maintainers of the motor vehicle and its various component parts described hereinabove and the employer or owner who negligently entrusted said motor vehicle to the driver, employee, owner or the employer or owner for whom the driver was acting as agent at the time of this accident.

10. Plaintiff, GERALD ELLIS HERRIN, further avers that all of his injuries were proximately caused by the foregoing negligence of the Defendant, KURT RUSSELL ALYEA, Individually, and one or more, or all of the named and fictitious Defendants A through X previously specified.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory damages, court costs, and other relief which is just and proper.

### COUNT TWO – WANTONNESS – KURT RUSSELL ALYEA, Individually

11. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 10 above.

12. Plaintiffs aver that on or about December 19, 2024 the Defendant, KURT RUSSELL ALYEA, Individually, was operating a motor vehicle on Interstate 65 North at the Tennessee River Bridge in Morgan County, Alabama, when at said place and at said time, he so wantonly operated the motor vehicle so as to allow or permit the motor vehicle (tractor-trailer/18 wheeler) to strike the vehicle being driven by Plaintiff, GERALD ELLIS HERRIN. Alyea had a duty to exercise reasonable care in driving his vehicle. Alyea wantonly breached that duty.

3

DOCUMENT 2

13.     That as a direct and proximate consequence of the aforesaid wantonly, the Plaintiff, GERALD ELLIS HERRIN, was caused to suffer the following injuries:

> He sustained a traumatic brain injury and other injuries causing him to suffer great physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future; he has incurred medical expenses in the form of drug costs, physicians' charges, hospital charges, procedure charges, and other medical expenses for treatment and will continue to do so in the future; his physical capacity to do everyday activities and duties is diminished; he was caused to lose time for gainful employment and hence, suffered lost wages and will continue to do so in the future; he has sustained permanent physical impairment; he is unable to pursue activities and hobbies as he did prior to this collision, all to his detriment.

14.     The Defendants, as described by fictitious parties A through X, whose more correct names and identities are unknown to the Plaintiff, but will be more correctly named and identified when ascertained by them, are the drivers, owners, insurers and maintainers of the motor vehicle and its various component parts described hereinabove and the employer or owner who wantonly entrusted said motor vehicle to the driver, employee, owner or the employer or owner for whom the driver was acting as agent at the time of this accident.

15.     Plaintiff, GERALD ELLIS HERRIN, further avers that all of his injuries were proximately caused by the foregoing wantonness of the Defendant, KURT RUSSELL ALYEA, Individually, and one or more, or all of the named and fictitious Defendants A through X previously specified.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory and punitive damages, court costs, and other relief which is just and proper.

## COUNT THREE- NEGLIGENCE *PER SE*

16.     Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 15 above.

17.     Plaintiffs allege the following acts of Defendant, KURT RUSSELL ALYEA, were the proximate cause of Gerald Ellis Herrin's injuries, such conduct including, but not limited to, the following:

(a)     ALYEA operated his commercial motor vehicle carelessly and heedlessly in willful and wanton disregard for the rights and safety of persons such as the Plaintiff and without due caution and circumspection and at a speed and/or

4

manner so as to endanger motorists such as Plaintiff in violation of <u>Alabama Code</u> §32-5A-190.

(b)    ALYEA failed to exercise reasonable safety while driving his commercial motor vehicle in violation of <u>Alabama Code</u> §32-5A-170 and 171.

(c)    ALYEA failed to exercise reasonable safety when operating his vehicle in violation of Alabama Code §32-5A-133.

(d)    ALYEA failed to stay in his lane and failed to exercise reasonable safety when attempting to move from his lane of travel in violation of <u>Alabama Code</u> §32-5A-88 and 89.

(e)    ALYEA operated the commercial motor vehicle in violation of relevant federal statutes and regulations of the Federal Motor Carrier Safety Regulations, as prescribed by the U.S. Department of Transportation Federal Highway Administration in 49 <u>Code of Federal Regulations</u> §390-397, 399.

(f)    ALYEA engaged in such other conduct which is yet to be discovered.

18.    All acts described in paragraph 12(a-f) were in violation of Alabama Code and Federal law, and thereby constitute negligence per se.

19.    The above-described provisions of the Alabama Code and Federal law were promulgated and enacted to protect the class of persons of which the Plaintiff was and against the type of harm caused in the accident resulting in his injuries.

20.    As a direct and proximate result of the violations of the above-described provisions of the Alabama Code and Federal law by the Defendant ALYEA, while he was acting within the course and scope of his employee-employer relationship with TMC TRANSPORTATION, Plaintiff, GERALD ELLIS HERRIN suffered injuries as set out in paragraphs 8 and 13 above.

21.    The combined and concurring negligence of the Defendants proximately contributed to the Plaintiffs' injuries and damages. As a direct and proximate result and consequence of Defendants' combined and concurrent negligence, the Plaintiff, GERALD ELLIS HERRIN suffered injuries as set out in paragraphs 8 and 13 above.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory damages, court costs, and other relief which is just and proper.

## COUNT FIVE – NEGLIGENCE
## KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC
## TRANSPORTATION

22.    Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 21 above.

23.    On or about December 19, 2024, upon a public road, Interstate 65 North at the Tennessee River Bridge in Morgan County, the Defendant, KURT RUSSELL ALYEA, while acting as agent, servant and/or employee within the full line and scope of his employment with ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, (hereinafter sometimes referred to as "TMC TRANSPORTATION") and/or fictitious Party Defendants A through X, negligently caused or allowed the motor vehicle he was driving (tractor-trailer/18 wheeler) to strike another vehicle which was being driven by Plaintiff, GERALD ELLIS HERRIN.

24.    As a proximate consequence of the Defendants' said negligence, the Plaintiff, GERALD ELLIS HERRIN was caused was caused to suffer injuries as set out in paragraphs 8 and 13 above.

25.    Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, further avers that all of his injuries were proximately caused by the foregoing negligence of the Defendants, KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, and one or more, or all of the named and fictitious Defendants A through X previously specified.

26.    Defendants are directly liable for their own negligence and are also vicariously liable for the negligent conduct of their employees and agents and under the doctrines of respondeat superior, apparent agency, nondelegable duties, and other doctrines.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory damages, court costs, and other relief which is just and proper.

## COUNT SIX – WANTONNESS
## KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC
## TRANSPORTATION,

27.    Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 26 above.

6

DOCUMENT 2

28. On or about December 19, 2024, upon a public road, Interstate 65 North at the Tennessee River Bridge in Morgan County, Alabama, the Defendant, KURT RUSSELL ALYEA, while acting as agent, servant and/or employee within the full line and scope of his employment with ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION (hereinafter sometimes referred to as "TMC TRANSPORTATION") and/or fictitious Party Defendants A through X, wantonly caused or allowed the motor vehicle he was driving (tractor-trailer/18 wheeler) to strike another vehicle which was being driven by Plaintiff, GERALD ELLIS HERRIN.

29. As a proximate consequence of the Defendants' said negligence, the Plaintiff, GERALD ELLIS HERRIN was caused was caused to suffer injuries as set out in paragraphs 8 and 13 above.

30. Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, further avers that all of his were proximately caused by the foregoing wantonness of the Defendant, KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, and one or more, or all of the fictitious Defendants A through X previously specified.

31. Defendants are directly liable for their own wantonness and are also vicariously liable for the wanton conduct of their employees and agents and under the doctrines of respondeat superior, apparent agency, nondelegable duties, and other doctrines.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory damages, court costs, and other relief which is just and proper.

### COUNT SEVEN - NEGLIGENT and WANTON ENTRUSTMENT

32. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 31 above.

33. This Count of the Complaint is brought against Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION This Count alleges negligence and wantonness and negligent and wanton entrustment in that the vehicle in question, driven by KURT RUSSELL ALYEA, which injured Plaintiff, Gerald Ellis Herrin, was provided by ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION It was placed in the hands of the Defendant, KURT RUSSELL ALYEA, despite the fact that Defendant KURT RUSSELL ALYEA was a known incompetent, which rendered the vehicle in the hands of KURT RUSSELL ALYEA a dangerous instrument. The proximate cause of the Plaintiff's trauma and injuries was the negligent and wanton entrustment and negligence and wantonness of Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION

7

34.     Defendant, KURT RUSSELL ALYEA, negligently and wantonly allowed said truck/commercial vehicle, of which he was in charge or control as aforesaid, to collide with the vehicle being driven by Plaintiff, GERALD ELLIS HERRIN, and as a proximate cause of the negligence and/or wantonness of both said Defendants, Plaintiff sustained trauma and injuries as set out herein.

35.     As a direct and proximate result of the negligence and wantonness of said Defendant entrusting the motor vehicle to Defendant, KURT RUSSELL ALYEA, GERALD ELLIS HERRIN suffered trauma and injuries as set out in paragraphs 8 and 13 above.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory and punitive damages, court costs, and other relief which is just and proper.

### COUNT EIGHT– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

36.     Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 35 above.

37.     On or before December 19, 2024, Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, had a duty to exercise reasonable care in hiring, training, supervising and retaining employees who were engaged to perform jobs that involved risk of harm to other motorist.

38.     Defendant ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, negligently and wantonly failed to exercise reasonable care in hiring, training, supervising and/or retaining Defendant ALYEA and allowed him to work and operate a vehicle in Morgan County, Alabama.

39.     Plaintiff alleges that the Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, knew or in the existence of reasonable care should have known, that the Defendant, KURT RUSSELL ALYEA, was incompetent and unfit to perform the job that he was hired to perform in that the performance of this job involved the risk of harm to others such as Plaintiff, GERALD ELLIS HERRIN.

40.     Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, knew or should have known that its employee, KURT RUSSELL ALYEA, was a known incompetent as a vehicle operator and unworthy to continue operating a company vehicle. ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, retained said employee even after they were aware of said incompetence and ongoing safety violations.

8

DOCUMENT 2

41.    Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, had advance knowledge of the unfitness of Defendant, KURT RUSSELL ALYEA, and employed him with a conscious disregard of the rights or safety of others.

42.    Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, was negligent and wanton in failing to properly supervise and control the employment of Defendant ALYEA.

43.    As a proximate cause of ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION's negligent hiring, training, supervision and retention of Defendant, KURT RUSSELL ALYEA, the Plaintiff, GERALD ELLIS HERRIN, sustained trauma and injuries as set out herein.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory and punitive damages, court costs, and other relief which is just and proper.

## COUNT NINE– CONSORTIUM CLAIM of ANA LUISA HERRIN

44.    Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 43 above.

45.    At all times material hereto, Plaintiffs, GERALD ELLIS HERRIN and ANA LUISA HERRIN, were husband and wife under the laws of the State of Alabama and resided in a marital relationship in Madison County, Alabama.

46.    As a direct and proximate result of the negligence of the Defendants, Plaintiff, ANA LUISA HERRIN, lost the comfort, society and companionship of her husband, GERALD ELLIS HERRIN, and those losses are continuing and permanent in nature.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANA LUISA HERRIN, demands judgment against the Defendant, jointly and severally, for compensatory damages in an amount the jury deems just under the circumstances, plus costs of this action.

9

DOCUMENT 2

## COUNT TEN - COMBINED AND CONCURRING NEGLIGENCE AND/OR WANTONNESS

47.    Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 46 above.

48.    The combined and concurring negligence and/or wantonness as set out in Counts One through Eight above of all Defendants, including fictitious Defendants (as specifically identified in the caption of the Complaint incorporated herein as if set out in full) proximately contributed to the trauma and injuries to Plaintiff, Gerald Ellis Herrin.

49.    As a proximate result and consequence of Defendants' combined and concurring negligence and/or wantonness, the Plaintiff, Gerald Ellis Herrin, was caused to suffer trauma and injuries as set out in paragraphs 8 and 13 above.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory and punitive damages, court costs, and other relief which is just and proper.

## COUNT ELEVEN - FICTITIOUS PARTIES

50.    Plaintiff hereby adopts by reference the allegations of paragraphs numbered 1 through 49 above.

51.    This Count of the Complaint is a Fictitious Party Count. The Defendants liable under this Count are those Defendants who or which are liable to the Plaintiffs under any theory of law advanced in the Complaint or in any amended Complaint and include those Defendants which Plaintiffs have attempted to describe in the style or caption of this Complaint. These Defendants are otherwise unknown at this time but will be added by amendment when ascertained.

WHEREFORE, Plaintiffs demand judgment against the Defendants, both named and fictitious, jointly and severally, for an amount the jury deems just and appropriate under the circumstances, plus costs of this action.

DATED the 27TH day of DECEMBER, 2024.

DOCUMENT 2

/s/ Mark A. Jackson

---

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
**Attorneys for Plaintiffs**
**525 Madison Street SE, Suite 202**
**Huntsville, Alabama 35801**
**Telephone: (256)533-5306**
**Email: mark@jacksonlegalteam.com**
       **miller@jacksonlegalteam.com**

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.**

/s/ Mark A. Jackson

---

**MARK A. JACKSON**

**Defendants can be served at the following addresses:**

KURT RUSSELL ALYEA
1934 E 500 S.
SHELBYVILLE, IN 46176

ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION
by and through it's agent for Service,
C T Corporation System
400 E. Court Avenue, Suite 110
Des Moines, IA 50309

11