# EXHIBIT C



ELECTRONICALLY FILED
1/16/2020 8:57 AM
52-CV-2020-900029.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| ANTHONY LYNN BEARDEN, JR., | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.: CV-2020-_____** |
| | ) | |
| FLOYD DANIEL YOUNG, | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, the driver of the motor vehicle which collided with plaintiff and whose negligence caused Plaintiff Anthony Lynn Bearden, Jr.'s injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff Anthony Lynn Bearden, Jr. on the occasion made the basis of this suit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiff Anthony Lynn Bearden, Jr. on the occasion made the basis of this suit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff Anthony Lynn Bearden, Jr. was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); No. 16, whether singular or

plural, that entity or those entities other than those entities described above that sold or otherwise furnished alcohol to Defendant Floyd Daniel Young on the date of the incident made the basis of this lawsuit; No. 17, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 18, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiff Anthony Lynn Bearden, Jr. and/or on his behalf as a result of the incident made the basis of this Complaint. Plaintiff Anthony Lynn Bearden, Jr. avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained],

**Defendants.**

---

## PLAINTIFF'S COMPLAINT

---

### PARTIES

1.      Plaintiff, ANTHONY LYNN BEARDEN, JR., is an individual over the age of nineteen (19) years and is a resident of Morgan County, Alabama.

2.      Defendant, FLOYD DANIEL YOUNG (hereinafter referred to as "Mr. Young"), is an individual over the age of nineteen (19) years and is, upon information and belief, a resident of Morgan County, Alabama.

3.      Fictitious Defendants, described above as numbers one (1) through nineteen (19), are those persons or entities whose names will be substituted upon learning their true identities.

### FACTUAL BACKGROUND

4.      On or about the 31st day of July 2019, the Plaintiff was walking along the side, shoulder portion of Turney Road in rural Morgan County, Alabama.

5.      It was approximately 8:23 p.m. on a Wednesday evening.

6.      At the aforesaid time, Turney Road was located in a residential area, lined with homes.

7.      At the aforesaid time, Mr. Young was operating a 2004 Jeep Grand Cherokee motor vehicle southbound on Turney Road in rural Morgan County, Alabama.

8. Mr. Young was traveling at a high rate of speed that was excessive given the character and nature of the road, residential neighborhood and roadway conditions.

9. As Mr. Young approached the Plaintiff, he was distracted, speeding and not keeping a lookout and therefore allowed his vehicle to collide forcefully with Plaintiff.

10. As a proximate consequence of Defendant's and/or Fictitious Defendants' negligence and wantonness, Plaintiff was injured, harmed and damaged as follows:

    (a) He suffered catastrophic injuries to various portions of his body, including but not limited to, the following:

        i. Frontal lobe traumatic brain injury; Right orbital skull fracture; Left temporal skull fracture with associated lobe traumatic brain injury; Basal skull fracture with associated traumatic brain injury; widespread subarachnoid hemorrhaging;

        ii. Fractured clavicle and right shoulder that were surgically repaired using surgical hardware;

        iii. Fractured right femur that was surgically repaired using surgical hardware;

        iv. Fractured left ankle that was surgically repaired using surgical hardware;

        v. Lacerated carotid artery that was nonsurgical but required consultation with vascular surgeon;

        vi. He is currently unable to ambulate, relegated to a wheelchair and attempting to learn how to walk using an assistive device such a walker;

    (b) He has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

    (c) He has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

    (d) He was permanently injured, disfigured and damaged;

    (e) He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

    (f) He was caused to incur out-of-pocket medical expenses;

(g)    He is reasonably certain to incur personal injury medical expenses in the future;

(h)    He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits;

## COUNT ONE - NEGLIGENCE

11.    Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

12.    At the aforesaid time and place, Mr. Young owed a duty to Plaintiff to, *inter alia*, drive at a safe and prudent speed considering the roadway conditions and circumstances, yield the right-of-way to pedestrians and otherwise exercise due care. Mr. Young also owed a duty to Plaintiff to keep a lookout for those who were also using the roadway and exercise due care to anticipate the presence of others upon the road.

13.    Additionally, Mr. Young had a duty to see what a prudent and vigilant operator would have seen in the exercise of due care.

14.    Alternatively, if Mr. Young did in fact observe Plaintiff in a dangerous position prior to striking him, Mr. Young would have had a duty to exercise due care to avoid injuring him.

15.    Mr. Young, and/or fictitious defendants, breached their duties to Plaintiff by speeding, failing to use caution as he drove on a residential roadway, failing to keep a lookout, failing to discover that Plaintiff was on the shoulder and/or side of the roadway in time to avoid injuring him, failing to yield the right-of-way to Plaintiff, and/or failing to avoid the Plaintiff once he discovered him in a dangerous situation.

16.    As a proximate consequence of the negligence of Mr. Young, and/or fictitious defendants, Plaintiff was injured and damaged as set forth above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Floyd Daniel Young and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – WANTONNESS / RECKLESSNESS

17. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

18. At the aforesaid time and place, Mr. Young operated his vehicle, *inter alia*, at an unsafe speed, while distracted, with no regard for the presence of other motorists and with conscious disregard for the safety of others.

19. Additionally, Mr. Young consciously ignored the likelihood that there may be persons walking on or along the roadway in a residential neighborhood.

20. As a proximate consequence of the wantonness and/or recklessness of Mr. Young, and/or fictitious defendants, Plaintiff was injured and damaged as set forth above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Floyd Daniel Young and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

Respectfully Submitted,

_____
Brandon T. Bishop          (BIS014)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:        (205) 983-8137
Legal Asst.:  (205) 983-8237
Facsimile:    (205) 983-8437

Email:        bbishop@asilpc.com

Plaintiff's Address:

Anthony Lynn Bearden, Jr.
c/o Brandon T. Bishop
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

ANTHONY LYNN BEARDEN, JR.,     )

         )

    **Plaintiff,**         )

         )

**v.**         )    **CASE NO.: CV-2020-_____**

         )

**FLOYD DANIEL YOUNG, *et al*.,**     )

         )

    **Defendants.**         )

## PLAINTIFF'S JURY DEMAND

COMES NOW the Plaintiff, Anthony Lynn Bearden, Jr., and hereby requests a trial by struck jury.

Respectfully Submitted,

*[signature]*

_____

Brandon T. Bishop     (BIS014)

Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1ˢᵗ Avenue South
Birmingham, Alabama 35233
Phone:     (205) 983-8137
Legal Asst.:   (205) 983-8237
Facsimile:   (205) 983-8437
Email:     bbishop@asilpc.com

Plaintiff's Address:

Anthony Lynn Bearden, Jr.
c/o Brandon T. Bishop
SHUNNARAH INJURY LAWYERS, P.C.
2900 1ˢᵗ Avenue South
Birmingham, Alabama 35233

# IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

ANTHONY LYNN BEARDEN, JR. )
)
PLAINTIFFS, )
)
VS. )  CASE NO. CV20-900029
)
FLOYD DANIEL YOUNG, )
DEFENDANT. )

## VERDICT (WANTONNESS)

We, the Jury, find for the Plaintiff, Anthony Lynn Bearden, Jr., and against the Defendant, Floyd Daniel Young, and assess **Compensatory** Damages in the amount of:

($ _25,000,000.00_ )

_Twenty-Five Million Dollars and 0 Zero cents_ DOLLARS.

_5/13/22_
Date

_Edgar Rand Groves III_
Foreman

_Edgar Rand Groves, III_
Printed Name of Foreman

## VERDICT

We, the Jury, find in favor of the Defendant, Floyd Daniel Young, and against the Plaintiff, Anthony Lynn Bearden, Jr.

_____
Date

_____
Foreman

_____
Printed Name of Foreman