FILED

2025 Feb-12 PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

# ALABAMA SJIS CASE DETAIL

 **alacourt.com**  County: **52**   Case Number: **CV-2024-900590.00**   Court Action:
Style: **GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL**

**Real Time**

## Case

### Case Information

| | | | | | | |
|---|---|---|---|---|---|---|
| County: | 52-MORGAN | Case Number: | CV-2024-900590.00 | | Judge: | CBE:CHARLES B. ELLIOTT |
| Style: | GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL | | | | | |
| Filed: | 12/27/2024 | Case Status: | ACTIVE | | Case Type: | NEGLIGENCE MOTOR VEH |
| Trial Type: | JURY | Track: | | | Appellate Case: | 0 |
| No of Plaintiffs: | 2 | No of Defendants: | 2 | | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | 0.00 | Punitive Damages: | 0.00 | General Damages: | 0.00 |
| No Damages: | | Compensatory Damages: | 0.00 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: 0 | Num of Liens: 0 | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: : | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: 12/27/2024 | Updated By: AJA |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - HERRIN GERALD ELLIS

#### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | HERRIN GERALD ELLIS | | | Type: | I-INDIVIDUAL |
| Index: | D ALYEA KURT | Alt Name: | | Hardship: | No | JID: | CBE |
| Address 1: | 1100 ENTERPRISE WAY NW | | | Phone: | (256) 000-0000 | | |

| | |
|---|---|
| Address 2: | **APT. 1101** |
| City: | **HUNTSVILLE** State: **AL** Zip: **35806-0000** Country: **US** |
| SSN: | **XXX-XX-X999** DOB: Sex: **M** Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | JAC044 | | JACKSON MARK ALLEN | MARK@ JACKSONLEGALTEAM.COM | (256) 533-5306 |
| Attorney 2 | JAC141 | | JACKSON MILLER SMITH | MILLER@ JACKSONLEGALTEAM.COM | (256) 533-5306 |

## Party 2 - Plaintiff INDIVIDUAL - HERRIN ANA LUISA

### Party Information

| | | | |
|---|---|---|---|
| Party: | **C002-Plaintiff** | Name: **HERRIN ANA LUISA** | Type: **I-INDIVIDUAL** |
| Index: | **D ALYEA KURT** | Alt Name: | Hardship: **No** JID: **CBE** |
| Address 1: | **1100 ENTERPRISE WAY NW** | | Phone: **(256) 000-0000** |
| Address 2: | **APT. 1101** | | |
| City: | **HUNTSVILLE** | State: **AL** | Zip: **35806-0000** Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | Sex: **F** Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | JAC044 | | JACKSON MARK ALLEN | MARK@ JACKSONLEGALTEAM.COM | (256) 533-5306 |
| Attorney 2 | JAC141 | | JACKSON MILLER SMITH | MILLER@ JACKSONLEGALTEAM.COM | (256) 533-5306 |

## Party 3 - Defendant INDIVIDUAL - ALYEA KURT RUSSELL

### Party Information

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | ALYEA KURT RUSSELL | | | | Type: | I-INDIVIDUAL |
| Index: | C HERRIN GERAL | Alt Name: | | Hardship: | No | JID: | CBE |
| Address 1: | 1934 E. 500 S. | | | Phone: | (256) 000-0000 | | |
| Address 2: | | | | | | | |
| City: | SHELBYVILLE | State: | IN | Zip: | 46176-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | M | Race: | |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: 12/27/2024 | Issued Type: F-CERTIFIED MAIL BY FIL | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: 01/14/2025 | Service Type C-CERTIFIED MAIL | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 4 - Defendant BUSINESS - ANNETT HOLDINGS, INC. D/B/A TMC TRANSPORTATION

### Party Information

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | ANNETT HOLDINGS, INC. D/B/A TMC TRANSPORTATION | | | Type: | B-BUSINESS |
| Index: | C HERRIN GERAL | Alt Name: | | Hardship: | No | JID: | CBE |
| Address 1: | C/O  C T CORPORATION SYST | | | Phone: | (256) 000-0000 | | |
| Address 2: | 400 E. COURT AVE. #110 | | | | | | |
| City: | DES MOINES | State: | IA | Zip: | 50309-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: 12/27/2024 | Issued Type: F-CERTIFIED MAIL BY FIL | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: 01/13/2025 | Service Type C-CERTIFIED MAIL | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|

Attorney 1     000000     PRO SE

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | CONV - CONV FEE | C001 | | $23.57 | $23.57 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CVAP - CV ADDTL PLA | C001 | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $313.00 | $313.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD - JURY DEMAND | C001 | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | LADM - LADM FEE | C001 | | $30.00 | $30.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $611.57 | $611.57 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/03/2025 | CREDIT | CONV - CONV FEE | 2025068 | 16204700 | $23.57 | C001 | 000 | Cash | N | | | TIS |
| 01/03/2025 | RECEIPT | CV05 - CV OVER $50K | 2025068 | 16204800 | $313.00 | C001 | 000 | Credit Card | N | | | TIS |
| 01/03/2025 | RECEIPT | LADM - LADM FEE | 2025068 | 16204900 | $30.00 | C001 | 000 | Credit Card | N | | | TIS |
| 01/03/2025 | RECEIPT | VADM - VADM FEE | 2025068 | 16205000 | $45.00 | C001 | 000 | Credit Card | N | | | TIS |
| 01/03/2025 | RECEIPT | JDMD - JURY DEMAND | 2025068 | 16205100 | $100.00 | C001 | 000 | Credit Card | N | | | TIS |
| 01/03/2025 | RECEIPT | CVAP - CV ADDTL PLA | 2025068 | 16205200 | $100.00 | C001 | 000 | Credit Card | N | | | TIS |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 12/27/2024 | 5:40 PM | ECOMP | COMPLAINT E-FILED. | JAC044 |
| 12/27/2024 | 5:40 PM | FILE | FILED THIS DATE: 12/27/2024   (AV01) | AJA |
| 12/27/2024 | 5:40 PM | EORD | E-ORDER FLAG SET TO "Y"   (AV01) | AJA |
| 12/27/2024 | 5:40 PM | ASSJ | ASSIGNED TO JUDGE: CHARLES B. ELLIOTT   (AV01) | AJA |
| 12/27/2024 | 5:41 PM | SCAN | CASE SCANNED STATUS SET TO: N   (AV01) | AJA |
| 12/27/2024 | 5:41 PM | TDMJ | JURY TRIAL REQUESTED   (AV01) | AJA |
| 12/27/2024 | 5:41 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE   (AV01) | AJA |
| 12/27/2024 | 5:41 PM | ORIG | ORIGIN: INITIAL FILING   (AV01) | AJA |
| 12/27/2024 | 5:41 PM | C001 | C001 PARTY ADDED: HERRIN GERALD ELLIS   (AV02) | AJA |
| 12/27/2024 | 5:41 PM | C001 | INDIGENT FLAG SET TO: N   (AV02) | AJA |
| 12/27/2024 | 5:41 PM | C001 | LISTED AS ATTORNEY FOR C001: JACKSON MARK ALLEN | AJA |
| 12/27/2024 | 5:41 PM | C001 | LISTED AS ATTORNEY FOR C001: JACKSON MILLER SMITH | AJA |
| 12/27/2024 | 5:41 PM | C001 | C001 E-ORDER FLAG SET TO "Y"   (AV02) | AJA |
| 12/27/2024 | 5:41 PM | C002 | C002 PARTY ADDED: HERRIN ANA LUISA   (AV02) | AJA |
| 12/27/2024 | 5:41 PM | C002 | INDIGENT FLAG SET TO: N   (AV02) | AJA |
| 12/27/2024 | 5:41 PM | C002 | LISTED AS ATTORNEY FOR C002: JACKSON MARK ALLEN | AJA |
| 12/27/2024 | 5:41 PM | C002 | LISTED AS ATTORNEY FOR C002: JACKSON MILLER SMITH | AJA |
| 12/27/2024 | 5:41 PM | C002 | C002 E-ORDER FLAG SET TO "Y"   (AV02) | AJA |
| 12/27/2024 | 5:41 PM | D001 | D001 PARTY ADDED: ALYEA KURT RUSSELL   (AV02) | AJA |
| 12/27/2024 | 5:41 PM | D001 | INDIGENT FLAG SET TO: N   (AV02) | AJA |

| | | | | | |
|---|---|---|---|---|---|
| 12/27/2024 | 5:41 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | | AJA |
| 12/27/2024 | 5:41 PM | D001 | CERT MAIL-FIL ISSUED: 12/27/2024 TO D001 (AV02) | | AJA |
| 12/27/2024 | 5:41 PM | D001 | D001 E-ORDER FLAG SET TO "Y" (AV02) | | AJA |
| 12/27/2024 | 5:41 PM | D002 | D002 PARTY ADDED: ANNETT HOLDINGS, INC. D/B/A TMC | | AJA |
| 12/27/2024 | 5:41 PM | D002 | INDIGENT FLAG SET TO: N (AV02) | | AJA |
| 12/27/2024 | 5:41 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | | AJA |
| 12/27/2024 | 5:41 PM | D002 | CERT MAIL-FIL ISSUED: 12/27/2024 TO D002 (AV02) | | AJA |
| 12/27/2024 | 5:41 PM | D002 | D002 E-ORDER FLAG SET TO "Y" (AV02) | | AJA |
| 1/30/2025 | 3:11 PM | EMISC | RETURN ON SERVICE - SERVED E-FILED | | JAC044 |
| 1/30/2025 | 3:13 PM | EMISC | RETURN ON SERVICE - SERVED E-FILED | | JAC044 |
| 2/3/2025 | 2:06 PM | D002 | SERVICE OF CERTIFIED MAI ON 01/13/2025 FOR D002 | | CYL |
| 2/3/2025 | 2:07 PM | D001 | SERVICE OF CERTIFIED MAI ON 01/14/2025 FOR D001 | | CYL |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 12/27/2024 5:40:52 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 12/27/2024 5:40:53 PM | 2 | COMPLAINT | | 11 |
| 12/27/2024 5:40:54 PM | 3 | MISC. DOCUMENT | NOTICE OF SERVICE OF DISCOVERY DOCUMENTS | 2 |
| 12/27/2024 5:40:55 PM | 4 | INTERROGATORIES(R33) | INTERROGATORIES TO DEFENDANTS | 9 |
| 12/27/2024 5:40:56 PM | 5 | REQUEST FOR PRODUCTION(R34) | REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS | 8 |
| 12/27/2024 5:40:57 PM | 6 | REQUEST FOR ADMISSION(R36) | REQUEST FOR ADMISSIONS TO DEFENDANT ALYEA | 12 |
| 12/27/2024 5:40:58 PM | 7 | REQUEST FOR ADMISSION(R36) | REQUEST FOR ADMISSIONS TO DEFENDANT ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION | 6 |
| 12/27/2024 5:40:59 PM | 8 | DEPOSITION - ORAL(R30) | NOTICE OF TAKING DEPOSITION OF DEFENDANT ALYEA | 2 |
| 12/27/2024 5:41:00 PM | 9 | DEPOSITION - ORAL(R30) | NOTICE OF TAKING 30(B)(5)&(6) DEPOSITION OF DEFENDANT ANNETT HOLDINGS, INC. d/b/a TMC Transportation | 9 |
| 12/27/2024 5:41:51 PM | 10 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 12/27/2024 5:41:52 PM | 11 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 1/30/2025 3:11:18 PM | 12 | RETURN ON SERVICE - SERVED | RETURN ON SERVICE - DEFENDANT KURT ALYEA SERVED 1-14-25 | 2 |
| 1/30/2025 3:11:31 PM | 13 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 1/30/2025 3:13:42 PM | 14 | RETURN ON SERVICE - SERVED | RETURN ON SERVICE - DEFENDANT ANNETT HOLDINGS, INC. SERVED 1-13-25 | 2 |
| 1/30/2025 3:13:49 PM | 15 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |

 **END OF THE REPORT**

ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev. 9/18 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Ca:<br>52 |
|---|---|---|

Date of Filing:     Judge Code:
12/27/2024

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
### GERALD ELLIS HERRIN ET AL v. KURT RUSSELL ALYEA ET AL

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☐ Business ☑ Individual
         ☐ Government ☐ Other               ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

       R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
JAC044          12/27/2024 5:40:51 PM          /s/ MARK A. JACKSON
                      Date                  Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO



ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **GERALD ELLIS HERRIN,** | ) | |
| **by and through his wife and next** | ) | |
| **friend, ANA LUISA HERRIN, and** | ) | |
| **ANA LUISA HERRIN, individually,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER CV24 -** |
| | ) | |

**KURT RUSSELL ALYEA, Individually; ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, a Corporation;** and **Defendants A, B and C,** the individual, corporation or entity who owned, rented or leased the tractor-trailer vehicle driven by KURT RUSSELL ALYEA, at the time of the incident made the basis of this complaint which occurred on or about December 19, 2024 on I-65 Northbound in Morgan County, Alabama; **Defendants D, E and F,** the individual who was operating the vehicle which struck the vehicle driven by KURT RUSSELL ALYEA, causing the collision made the basis of this complaint; **Defendant G, H and I,** whether singular or plural, that entity or those entities on whose behalf the tractor-trailer involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **Defendant J, K and L,** whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **Defendant M, N and O,** whether singular or plural, the Plaintiff intending to designate that individual or entities who or which negligently and/or wantonly entrusted the tractor-trailer to KURT RUSSELL ALYEA at the time of the incident made the basis of this complaint; **Defendant P, Q and R,** the person(s), firms(s), corporation(s), partnership(s) or other business organization(s), for whom the Defendant, KURT RUSSELL ALYEA, was acting as agent, servant, or employee at the time of the incident made the basis of this Complaint, within the line and scope of his employment while driving an 18-wheeler truck; **Defendant S, T and U,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **Defendant V, W and X,** whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; Plaintiff avers that the identity of the fictitious parties are otherwise unknown at this time, or if their names are known to Plaintiff their identity as proper party Defendant's is not known to Plaintiff at this time, but will be provided by amendment when ascertained jointly and severally;

| | |
|---|---|
| | ) |
| **Defendants.** | ) |

1

## COMPLAINT

This is a civil tort action for damages for injuries to the plaintiffs.

COMES NOW the Plaintiffs, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, and ANA LUISA HERRIN, individually, in the above styled cause, by and through their undersigned counsel, and claims of the Defendants, as follows:

1. Plaintiff, GERALD ELLIS HERRIN, is over the age of nineteen (19) years, is presenting incapacitated and, therefore, sues by and through his wife and next friend pursuant to Rule 17 of the Alabama Rules of Civil Procedure; and a resident of Madison County, Alabama.

2. Plaintiff, ANA LUISA HERRIN, is over the age of nineteen (19) years, the wife and next friend of GERALD ELLIS HERRIN; and a resident of Madison, Alabama.

3. Defendant, KURT RUSSELL ALYEA, (hereinafter sometimes referred to as "ALYEA"), is a resident of Shelbyville, Indiana, and is over the age of nineteen (19) years.

4. Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, (hereinafter sometimes referred to as "TMC TRANSPORTATION") is a corporation organized under the laws of the State of Iowa and is authorized to and doing business in Morgan County, Alabama.

5. Venue is proper in this court as the wrongful conduct giving rise to this action occurred in Morgan County, Alabama. The amount in controversy exceeds the $20,000.00 minimum of this court.

### COUNT ONE – NEGLIGENCE – KURT RUSSELL ALYEA, Individually

6. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 5 above.

7. Plaintiffs aver that on or about December 19, 2024 the Defendant, KURT RUSSELL ALYEA, Individually, was operating a motor vehicle on Interstate 65 North at the Tennessee River Bridge in Morgan County, Alabama, when at said place and at said time, he so negligently operated the motor vehicle so as to allow or permit the motor vehicle (tractor-trailer/18 wheeler) to strike the vehicle being driven by Plaintiff, GERALD ELLIS HERRIN. Alyea had a duty to exercise reasonable care in driving his vehicle. Alyea negligently breached that duty.

8. That as a direct and proximate consequence of the aforesaid negligence, the Plaintiff, GERALD ELLIS HERRIN, was caused to suffer the following injuries:

2

He sustained a traumatic brain injury and other injuries causing him to suffer great physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future; he has incurred medical expenses in the form of drug costs, physicians' charges, hospital charges, procedure charges, and other medical expenses for treatment and will continue to do so in the future; his physical capacity to do everyday activities and duties is diminished; he was caused to lose time for gainful employment and hence, suffered lost wages and will continue to do so in the future; he has sustained permanent physical impairment; he is unable to pursue activities and hobbies as he did prior to this collision, all to his detriment.

9. The Defendants, as described by fictitious parties A through X, whose more correct names and identities are unknown to the Plaintiff, but will be more correctly named and identified when ascertained by them, are the drivers, owners, insurers and maintainers of the motor vehicle and its various component parts described hereinabove and the employer or owner who negligently entrusted said motor vehicle to the driver, employee, owner or the employer or owner for whom the driver was acting as agent at the time of this accident.

10. Plaintiff, GERALD ELLIS HERRIN, further avers that all of his injuries were proximately caused by the foregoing negligence of the Defendant, KURT RUSSELL ALYEA, Individually, and one or more, or all of the named and fictitious Defendants A through X previously specified.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory damages, court costs, and other relief which is just and proper.

## COUNT TWO – WANTONNESS – KURT RUSSELL ALYEA, Individually

11. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 10 above.

12. Plaintiffs aver that on or about December 19, 2024 the Defendant, KURT RUSSELL ALYEA, Individually, was operating a motor vehicle on Interstate 65 North at the Tennessee River Bridge in Morgan County, Alabama, when at said place and at said time, he so wantonly operated the motor vehicle so as to allow or permit the motor vehicle (tractor-trailer/18 wheeler) to strike the vehicle being driven by Plaintiff, GERALD ELLIS HERRIN. Alyea had a duty to exercise reasonable care in driving his vehicle. Alyea wantonly breached that duty.

13. That as a direct and proximate consequence of the aforesaid wantonly, the Plaintiff, GERALD ELLIS HERRIN, was caused to suffer the following injuries:

> He sustained a traumatic brain injury and other injuries causing him to suffer great physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future; he has incurred medical expenses in the form of drug costs, physicians' charges, hospital charges, procedure charges, and other medical expenses for treatment and will continue to do so in the future; his physical capacity to do everyday activities and duties is diminished; he was caused to lose time for gainful employment and hence, suffered lost wages and will continue to do so in the future; he has sustained permanent physical impairment; he is unable to pursue activities and hobbies as he did prior to this collision, all to his detriment.

14. The Defendants, as described by fictitious parties A through X, whose more correct names and identities are unknown to the Plaintiff, but will be more correctly named and identified when ascertained by them, are the drivers, owners, insurers and maintainers of the motor vehicle and its various component parts described hereinabove and the employer or owner who wantonly entrusted said motor vehicle to the driver, employee, owner or the employer or owner for whom the driver was acting as agent at the time of this accident.

15. Plaintiff, GERALD ELLIS HERRIN, further avers that all of his injuries were proximately caused by the foregoing wantonness of the Defendant, KURT RUSSELL ALYEA, Individually, and one or more, or all of the named and fictitious Defendants A through X previously specified.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory and punitive damages, court costs, and other relief which is just and proper.

### COUNT THREE- NEGLIGENCE *PER SE*

16. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 15 above.

17. Plaintiffs allege the following acts of Defendant, KURT RUSSELL ALYEA, were the proximate cause of Gerald Ellis Herrin's injuries, such conduct including, but not limited to, the following:

(a) ALYEA operated his commercial motor vehicle carelessly and heedlessly in willful and wanton disregard for the rights and safety of persons such as the Plaintiff and without due caution and circumspection and at a speed and/or

manner so as to endanger motorists such as Plaintiff in violation of <u>Alabama Code</u> §32-5A-190.

(b) ALYEA failed to exercise reasonable safety while driving his commercial motor vehicle in violation of <u>Alabama Code</u> §32-5A-170 and 171.

(c) ALYEA failed to exercise reasonable safety when operating his vehicle in violation of Alabama Code §32-5A-133.

(d) ALYEA failed to stay in his lane and failed to exercise reasonable safety when attempting to move from his lane of travel in violation of <u>Alabama Code</u> §32-5A-88 and 89.

(e) ALYEA operated the commercial motor vehicle in violation of relevant federal statutes and regulations of the Federal Motor Carrier Safety Regulations, as prescribed by the U.S. Department of Transportation Federal Highway Administration in 49 <u>Code of Federal Regulations</u> §390-397, 399.

(f) ALYEA engaged in such other conduct which is yet to be discovered.

18. All acts described in paragraph 12(a-f) were in violation of Alabama Code and Federal law, and thereby constitute negligence per se.

19. The above-described provisions of the Alabama Code and Federal law were promulgated and enacted to protect the class of persons of which the Plaintiff was and against the type of harm caused in the accident resulting in his injuries.

20. As a direct and proximate result of the violations of the above-described provisions of the Alabama Code and Federal law by the Defendant ALYEA, while he was acting within the course and scope of his employee-employer relationship with TMC TRANSPORTATION, Plaintiff, GERALD ELLIS HERRIN suffered injuries as set out in paragraphs 8 and 13 above.

21. The combined and concurring negligence of the Defendants proximately contributed to the Plaintiffs' injuries and damages. As a direct and proximate result and consequence of Defendants' combined and concurrent negligence, the Plaintiff, GERALD ELLIS HERRIN suffered injuries as set out in paragraphs 8 and 13 above.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory damages, court costs, and other relief which is just and proper.

## COUNT FIVE – NEGLIGENCE
## KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION

22. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 21 above.

23. On or about December 19, 2024, upon a public road, Interstate 65 North at the Tennessee River Bridge in Morgan County, the Defendant, KURT RUSSELL ALYEA, while acting as agent, servant and/or employee within the full line and scope of his employment with ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, (hereinafter sometimes referred to as "TMC TRANSPORTATION") and/or fictitious Party Defendants A through X, negligently caused or allowed the motor vehicle he was driving (tractor-trailer/18 wheeler) to strike another vehicle which was being driven by Plaintiff, GERALD ELLIS HERRIN.

24. As a proximate consequence of the Defendants' said negligence, the Plaintiff, GERALD ELLIS HERRIN was caused was caused to suffer injuries as set out in paragraphs 8 and 13 above.

25. Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, further avers that all of his injuries were proximately caused by the foregoing negligence of the Defendants, KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, and one or more, or all of the named and fictitious Defendants A through X previously specified.

26. Defendants are directly liable for their own negligence and are also vicariously liable for the negligent conduct of their employees and agents and under the doctrines of respondeat superior, apparent agency, nondelegable duties, and other doctrines.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory damages, court costs, and other relief which is just and proper.

## COUNT SIX – WANTONNESS
## KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION,

27. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 26 above.

28. On or about December 19, 2024, upon a public road, Interstate 65 North at the Tennessee River Bridge in Morgan County, Alabama, the Defendant, KURT RUSSELL ALYEA, while acting as agent, servant and/or employee within the full line and scope of his employment with ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION (hereinafter sometimes referred to as "TMC TRANSPORTATION") and/or fictitious Party Defendants A through X, wantonly caused or allowed the motor vehicle he was driving (tractor-trailer/18 wheeler) to strike another vehicle which was being driven by Plaintiff, GERALD ELLIS HERRIN.

29. As a proximate consequence of the Defendants' said negligence, the Plaintiff, GERALD ELLIS HERRIN was caused was caused to suffer injuries as set out in paragraphs 8 and 13 above.

30. Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, further avers that all of his were proximately caused by the foregoing wantonness of the Defendant, KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, and one or more, or all of the fictitious Defendants A through X previously specified.

31. Defendants are directly liable for their own wantonness and are also vicariously liable for the wanton conduct of their employees and agents and under the doctrines of respondeat superior, apparent agency, nondelegable duties, and other doctrines.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory damages, court costs, and other relief which is just and proper.

## COUNT SEVEN - NEGLIGENT and WANTON ENTRUSTMENT

32. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 31 above.

33. This Count of the Complaint is brought against Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION This Count alleges negligence and wantonness and negligent and wanton entrustment in that the vehicle in question, driven by KURT RUSSELL ALYEA, which injured Plaintiff, Gerald Ellis Herrin, was provided by ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION It was placed in the hands of the Defendant, KURT RUSSELL ALYEA, despite the fact that Defendant KURT RUSSELL ALYEA was a known incompetent, which rendered the vehicle in the hands of KURT RUSSELL ALYEA a dangerous instrument. The proximate cause of the Plaintiff's trauma and injuries was the negligent and wanton entrustment and negligence and wantonness of Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION

34. Defendant, KURT RUSSELL ALYEA, negligently and wantonly allowed said truck/commercial vehicle, of which he was in charge or control as aforesaid, to collide with the vehicle being driven by Plaintiff, GERALD ELLIS HERRIN, and as a proximate cause of the negligence and/or wantonness of both said Defendants, Plaintiff sustained trauma and injuries as set out herein.

35. As a direct and proximate result of the negligence and wantonness of said Defendant entrusting the motor vehicle to Defendant, KURT RUSSELL ALYEA, GERALD ELLIS HERRIN suffered trauma and injuries as set out in paragraphs 8 and 13 above.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory and punitive damages, court costs, and other relief which is just and proper.

### COUNT EIGHT– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

36. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 35 above.

37. On or before December 19, 2024, Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, had a duty to exercise reasonable care in hiring, training, supervising and retaining employees who were engaged to perform jobs that involved risk of harm to other motorist.

38. Defendant ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, negligently and wantonly failed to exercise reasonable care in hiring, training, supervising and/or retaining Defendant ALYEA and allowed him to work and operate a vehicle in Morgan County, Alabama.

39. Plaintiff alleges that the Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, knew or in the existence of reasonable care should have known, that the Defendant, KURT RUSSELL ALYEA, was incompetent and unfit to perform the job that he was hired to perform in that the performance of this job involved the risk of harm to others such as Plaintiff, GERALD ELLIS HERRIN.

40. Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, knew or should have known that its employee, KURT RUSSELL ALYEA, was a known incompetent as a vehicle operator and unworthy to continue operating a company vehicle. ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, retained said employee even after they were aware of said incompetence and ongoing safety violations.

41. Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, had advance knowledge of the unfitness of Defendant, KURT RUSSELL ALYEA, and employed him with a conscious disregard of the rights or safety of others.

42. Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, was negligent and wanton in failing to properly supervise and control the employment of Defendant ALYEA.

43. As a proximate cause of ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION's negligent hiring, training, supervision and retention of Defendant, KURT RUSSELL ALYEA, the Plaintiff, GERALD ELLIS HERRIN, sustained trauma and injuries as set out herein.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory and punitive damages, court costs, and other relief which is just and proper.

## COUNT NINE– CONSORTIUM CLAIM of ANA LUISA HERRIN

44. Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 43 above.

45. At all times material hereto, Plaintiffs, GERALD ELLIS HERRIN and ANA LUISA HERRIN, were husband and wife under the laws of the State of Alabama and resided in a marital relationship in Madison County, Alabama.

46. As a direct and proximate result of the negligence of the Defendants, Plaintiff, ANA LUISA HERRIN, lost the comfort, society and companionship of her husband, GERALD ELLIS HERRIN, and those losses are continuing and permanent in nature.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANA LUISA HERRIN, demands judgment against the Defendant, jointly and severally, for compensatory damages in an amount the jury deems just under the circumstances, plus costs of this action.

## COUNT TEN - COMBINED AND CONCURRING NEGLIGENCE AND/OR WANTONNESS

47.     Plaintiffs hereby adopt by reference the allegations of paragraphs numbered 1 through 46 above.

48.     The combined and concurring negligence and/or wantonness as set out in Counts One through Eight above of all Defendants, including fictitious Defendants (as specifically identified in the caption of the Complaint incorporated herein as if set out in full) proximately contributed to the trauma and injuries to Plaintiff, Gerald Ellis Herrin.

49.     As a proximate result and consequence of Defendants' combined and concurring negligence and/or wantonness, the Plaintiff, Gerald Ellis Herrin, was caused to suffer trauma and injuries as set out in paragraphs 8 and 13 above.

WHEREFORE, Plaintiff, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, demands judgment, determined by a struck jury, against the Defendants, both named and fictitious, jointly and severally, and that the jury award compensatory and punitive damages, court costs, and other relief which is just and proper.

## COUNT ELEVEN - FICTITIOUS PARTIES

50.     Plaintiff hereby adopts by reference the allegations of paragraphs numbered 1 through 49 above.

51.     This Count of the Complaint is a Fictitious Party Count. The Defendants liable under this Count are those Defendants who or which are liable to the Plaintiffs under any theory of law advanced in the Complaint or in any amended Complaint and include those Defendants which Plaintiffs have attempted to describe in the style or caption of this Complaint. These Defendants are otherwise unknown at this time but will be added by amendment when ascertained.

WHEREFORE, Plaintiffs demand judgment against the Defendants, both named and fictitious, jointly and severally, for an amount the jury deems just and appropriate under the circumstances, plus costs of this action.

DATED the 27TH day of DECEMBER, 2024.

/s/ Mark A. Jackson

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
**Attorneys for Plaintiffs**
**525 Madison Street SE, Suite 202**
**Huntsville, Alabama 35801**
**Telephone: (256)533-5306**
**Email: mark@jacksonlegalteam.com**
                **miller@jacksonlegalteam.com**

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.**

/s/ Mark A. Jackson

**MARK A. JACKSON**

Defendants can be served at the following addresses:

KURT RUSSELL ALYEA
1934 E 500 S.
SHELBYVILLE, IN 46176

ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION
by and through it's agent for Service,
C T  Corporation System
400 E. Court Avenue, Suite 110
Des Moines, IA 50309



ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN, )
by and through his wife and next )
friend, ANA LUISA HERRIN, and )
ANA LUISA HERRIN, individually, )
                          )
                          )
        Plaintiffs, )
                          )
v. )        CIVIL ACTION NUMBER CV24 -
                          )
KURT RUSSELL ALYEA; ANNETT )
HOLDINGS, INC. d/b/a )
TMC TRANSPORTATION, et al., )
                          )
        Defendants. )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Clerk of Circuit Court
       Morgan County Courthouse
       Decatur, Alabama

Take notice that the undersigned has served upon the Defendant in this matter, the following:

1. Request for Admissions to Defendant, Kurt Russell Alyea
2. Request for Admissions to Defendant, Annett Holdings, Inc. d/b/a TMC Transportation
3. Plaintiff's First Interrogatories to Defendants, Kurt Russell Alyea and Annett Holdings, Inc. d/b/a TMC Transportation
4. Request for Production of Documents to Defendants, Kurt Russell Alyea and Annett Holdings, Inc. d/b/a TMC Transportation
5. Notice of Taking Deposition of Kurt Russell Alyea

/s/ Mark A. Jackson

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
**Attorneys for Plaintiffs**
**525 Madison Street SE, Suite 202**
**Huntsville, Alabama 35801**
**Telephone: (256)533-5306**
**Email: mark@jacksonlegalteam.com**
**miller@jacksonlegalteam.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Discovery has been served upon the Defendant by serving contemporaneously with the Complaint in this matter.

/s/ Mark A. Jackson

**MARK A. JACKSON**


ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, and ANA LUISA HERRIN, individually, | ) ) ) ) ) | |
| | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NUMBER CV24 - |
| | ) | |
| KURT RUSSELL ALYEA; ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFFS' INTERROGATORIES TO DEFENDANTS, KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION

Plaintiffs, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, and ANA LUISA HERRIN propounds to the Defendants, KURT RUSSELL ALYEA, (sometimes referred to as "Defendant Alyea" or "Alyea")), ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION (hereinafter sometimes referred to as "TMC TRANSPORTATION"), the following Interrogatories in writing to be answered in the manner prescribed by law.

These Interrogatories are submitted pursuant to Rule 33 of the *Alabama Rules of Civil Procedure* and are to be deemed continuing interrogatories, and you shall promptly supply by way of supplemental answer any additional responsible information that may be obtained by or become known to you prior to the trial of this action.

### DEFINITIONS

As used herein, the following terms have these meanings: "The accident: refers to the motor vehicle accident made the basis of this lawsuit; and "you and/or yours" refers to the Defendants answering these Interrogatories and any and all persons acting on behalf of the

Defendants.

NOTE: *Any of the following questions that are within the knowledge and experience of the Defendant truck driver himself should be directed to him as well.*

1.     Please state the full name; Social Security number; date of birth; current home and cell phone numbers and cell carrier; and present residence address and employer of KURT RUSSELL ALYEA.

**ANSWER:**

2.     On December 19, 2024 what entity or individual was the owner of the truck/tractor; and the trailer/attachment (semi-trailer truck) involved in the subject collision?

**ANSWER:**

3.     State in detail each and every location (name city, street, address) that ALYEA had traveled to or from for 48 hours preceding this accident, including the exact routes taken (highway, Interstate #, etc.) while operating the subject semi-trailer truck.

**ANSWER:**

4.     List and include copies of the shipping orders, bills of lading, etc. for all loads hauled within forty-eight (48) hours of this accident by ALYEA and the truck he was operating on the date of this accident.

**ANSWER:**

5.     Are the defendants correctly named in the Complaint? If your answer is no, please state your correct name(s).

**ANSWER:**

6.      What was the gross vehicle weight of the vehicle when dispatched and at the time of the accident, if different from the gross vehicle weight when dispatched?

**ANSWER:**

7.      What is the curb weight of the involved truck or tractor?

**ANSWER:**

8.      What is the curb weight of the attachment involved?

**ANSWER:**

9.      What was the overall length of the entire semi-trailer truck/18-wheeler (with attachment, if applicable) at the time of the accident?

**ANSWER:**

10.     Was the involved truck or truck-tractor equipped with a GPS device, AVL device, tachograph or computerized recording device of any kind? If so, please provide the recorded information (i.e., print outs, ESI, disk or tapes) for the entire trip and entire 24 hour day during which the accident occurred.

**ANSWER:**

11.     What type braking system was this truck or tractor equipped with?

**ANSWER:**

12.     Was the attachment (i.e., trailer, etc.) equipped with brakes, and if so, what

type?

**ANSWER:**

13. List the dates during the six (6) months both prior to and subsequent to the accident date, to include the accident date, that the brakes for this vehicle were serviced, repaired, adjusted or altered in any way, including a copy of all reports/records concerning same.

**ANSWER:**

14. Did the vehicle, including the truck and attachment, undergo a "pre-trip" inspection when dispatched for the trip during which the accident occurred, and if so, please attach all inspection documents pertaining to such pre-trip inspection, as well as for any post trip inspection.

**ANSWER:**

15. Was this vehicle equipped with engine retardation features, (i.e., "Jake brakes")? If so, were they used during this accident sequence at any time?

**ANSWER:**

16. Provide all available information about the make-up of the brake assembly on each set of wheels throughout the entire rig as determined by the dispatching entity at some time prior to this trip. (i.e., brake chamber size, slack adjuster type and adjustment, brake shoe thickness, push rod travel, etc.) Identify the date this information was obtained. If this information is not available, explain why.

**ANSWER:**

17. Identify any problems encountered with this truck or tractor, or with the involved attachment, during the six (6) months prior to and including the date of this accident, whether determined or reported by a driver, service personnel, management personnel or enforcement personnel.

**ANSWER:**

18. Were driver's logs kept by the driver, KURT RUSSELL ALYEA, and if so, please provide <u>ALL</u> such logs (both written and electronic) for six (6) months prior to the occurrence of the accident, as well as for the entire day of December 19, 2024.

**ANSWER:**

19. Identify any mechanics, technicians or inspectors who have worked on or examined the subject truck or tractor and the attachment to such truck or tractor at any time during the six (6) month period both prior and subsequent to the accident, including the date of the accident. Please produce copies of any and all repair documents, inspection documents, or the like for the same six (6) month period prior and subsequent to the accident.

**ANSWER:**

20. Please describe, in detail, how the accident made the basis of Plaintiff's Complaint occurred.

**ANSWER:**

21. State whether or not there was anything that obscured the vision of KURT RUSSELL ALYEA which prevented him from seeing the Plaintiff's vehicle prior to impact.

**ANSWER:**

22.    Where was the Defendant traveling to (first destination) at the time of the accident? List all scheduled stops to be made that day and what time he was scheduled to arrive at his final destination.

**ANSWER:**

23.    Was the Defendant, ALYEA, an owner/operator or a driver for an owner/operator? If so, please explain.

**ANSWER:**

24.    Was the Defendant, ALYEA, a leased driver? If so, who was the leasing company?

**ANSWER:**

25.    If the Defendant, KURT RUSSELL ALYEA, was an owner/operator, was there a lease agreement with the carrier, TMC TRANSPORTATION? (If so, attach copies of all contracts that have ever existed between the parties.)

**ANSWER:**

26.    Did the Defendant, KURT RUSSELL ALYEA, have any occupants or animals in his truck at the time of the collision? If so, please indicate the exact location of the animal or occupant at the time of impact, and provide any passengers names, address, phone number and employer.

**ANSWER:**

27.    What instructions, if any, written or oral, were given by you or your company to ALYEA during his employment or prior to his employment concerning the operation of the truck involved in this accident?

**ANSWER**

28. Did you or anybody on your behalf in your company administer a test or any examination of the driver's knowledge and skills as a truck driver prior to his engagement by you or your company as a driver? (Attach copies of completed tests and results.)

**ANSWER:**

29. Had KURT RUSSELL ALYEA ever been involved in prior accidents while driving a truck for you or your company or any other company by whom the driver was previously employed and if so, please explain fully the number of accidents, the dates and locations of each, extent of all property damage and personal injury sustained by any person involved in the accident.

**ANSWER:**

30. Did any litigation ever arise out of any accident in which KURT RUSSELL ALYEA was involved, and if so, please state the name of each action, the number and location of each court where the action was brought, the outcome of each action, and state whether any judgment was entered thereon and in whose favor judgment was entered in each action.

**ANSWER:**

31. If the subject driver was ever involved in a prior accident while in your employ, was the driver ever reprimanded, punished or disciplined in any way, or was the driver given any further training?

**ANSWER:**

32. State whether the subject driver ever received a summons for speeding, reckless driving, failing to stop at a traffic light or stop sign or a summons or a ticket for any other traffic violation and if so, please state the fine or punishment said driver received for each such violation.

**ANSWER:**

33. Has any driver's license issued by any state to KURT RUSSELL ALYEA ever been suspended and if so, state the dates thereof and the reasons therefor?

**ANSWER:**

34. Explain in detail the background check that was done on KURT RUSSELL ALYEA by Defendant TMC TRANSPORTATION. Attach all documentation associated with this background check.

**ANSWER:**

35. Please state the names, addresses and telephone numbers of any and all witnesses that you expect to call on this case.

**ANSWER:**

36. Please state the names, addresses and telephone numbers of any and all expert witnesses whom you expect to call in the trial of this case, and please state a summary of the facts and circumstances on which they intend to testify.

**ANSWER:**

**NOTE:** Defendants are required to supplement their responses to the above questions pursuant to the *Alabama Rules of Civil Procedure.*

/s/Mark A. Jackson

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
Attorneys for Plaintiffs
525 Madison Street, Suite 202
Huntsville, Alabama 35801
(256) 533-5306
Email: mark@jacksonlegalteam.com
Email: miller@jacksonlegalteam.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served on the Defendants by serving contemporaneously with the Complaint in this action.

/s/Mark A. Jackson

**MARK A. JACKSON**



ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK



# IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN,        )
by and through his wife and next    )
friend, ANA LUISA HERRIN, and    )
ANA LUISA HERRIN, individually,  )
                                  )
                                  )
         Plaintiffs,           )
                                  )
v.                            )    CIVIL ACTION NUMBER CV24 -
                                  )
KURT RUSSELL ALYEA; ANNETT    )
HOLDINGS, INC. d/b/a           )
TMC TRANSPORTATION, et al.,    )
                                  )
        Defendants.       )

## PLAINTIFFS FIRST REQUEST FOR PRODUCTION TO DEFENDANTS, KURT RUSSELL ALYEA and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION

COMES NOW the Plaintiffs, pursuant to the *Alabama Rules of Civil Procedure* and requests the Defendants, KURT RUSSELL ALYEA, (sometimes referred to as "Defendant Alyea" or "Alyea"), ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION (hereinafter sometimes referred to as "TMC TRANSPORTATION"), to produce the following within forty-five (45) days of the date of service of same:

1.    Copies of all drivers' logs (written, electronic or otherwise) kept by the Defendants pursuant to the Department of Transportation regulations for a period of six (6) months prior to the accident made the basis of the Plaintiffs' Complaint.

**RESPONSE:**

2.    All "supporting" and/or "associated" documentation which would accompany or be related to ALYEA'S log reports such as fuel tickets and receipts, bills of lading, dispatch records, toll tickets and receipts, weight/scale tickets and receipts, driver call-in records, freight bills, drivers records, time records, assignment records, credit card receipts, delivery records and receipts, driver reports, expense vouchers, gate receipts, data provided by global positioning devices, invoices, on-board computer records, trip reports, data provided by Qualcom, Peoplenet, and other satellite tracking systems, GPS, AVL's, trip

1

recorders/tachographs and log scanners. If any documents are ESI or kept <u>only</u> on computer, a computer printout and thumb drive will need to be produced as well.

**RESPONSE:**

      3.      Copies of any and all driver's records, employment files, personnel files, employment application, physicals, history, or the like pertaining to KURT RUSSELL ALYEA either in the possession of ALYEA or TMC TRANSPORTATION.

**RESPONSE:**

      4.      Copies of any driving history in the possession of TMC TRANSPORTATION, as it pertains to KURT RUSSELL ALYEA.

**RESPONSE:**

      5.      Copies of the Department of Transportation certification tests of ALYEA for five (5) years next preceding the accident made the basis of the Plaintiffs' Complaint.

**RESPONSE:**

      6.      Copies of any and all maintenance records, repair records, inspection records or the like as it pertains to the truck or tractor and trailer or compartment attached thereto being driven by the Defendant, ALYEA, and involved in an accident with GERALD ELLIS HERRIN, on the date set forth in Plaintiffs' Complaint.

**RESPONSE:**

      7.      Any and all driver's inspection reports, maintenance records, trip inspection reports or the like maintained by ALYEA pursuant to the Department of Transportation regulations during the trip made by ALYEA from the beginning of the trip to the point that the accident made the basis of this action occurred, including trips he and/or the subject truck made for 72 hours prior to this accident.

**RESPONSE:**

8.     Copies of any and all inspection reports for the truck or tractor and attachment to such truck and tractor involved in the accident made the basis of the Plaintiffs' Complaint, whether such inspection reports occurred pursuant to the DOT regulations or otherwise made pursuant to the Defendant's, TMC TRANSPORTATION, own policies and procedures, for a period of one (1) year next preceding the date of the accident made the basis of the Plaintiffs' Complaint.

**RESPONSE:**

9.     A copy of the entire personnel file and any other file maintained by TMC TRANSPORTATION, on Defendant, ALYEA.

**RESPONSE:**

10.     A copy of any and all policies and procedures, memos, directives, orders, training documents, instruction manuals, employee handbooks or the like issued by the Defendant, TMC TRANSPORTATION, to drivers of its vehicles, which documents would include any such documents issued within five (5) years next preceding the date of the accident made the basis of the Plaintiffs' Complaint.

**RESPONSE:**

11.     A copy of any and all inspection reports, inspection documents, photographs, video tapes, dash cam footage or the like concerning the accident made the basis of the Plaintiffs' Complaint.

**RESPONSE:**

12.     Copies of any and all witness statements, transcription of witness statements, video of witnesses,  notes of witness statements or the like in the possession of the Defendants concerning the accident made the basis of the Plaintiffs' Complaint.

**RESPONSE:**

13.     Copies of any and all electronic logs and written driver's logs kept by the Defendant driver, ALYEA and TMC TRANSPORTATION, pursuant to the Department of Transportation Regulations for a period of six (6) months prior to the accident made the

3

basis of the Plaintiffs' Complaint, regardless of the employer.

**RESPONSE:**

14. Copies of any and all drug tests, drug screening urinalysis, blood tests or the like taken by KURT RUSSELL ALYEA from the date he was first employed with TMC TRANSPORTATION, to the present. This will include all tests or screens taken as a result of the accident made the basis of the Plaintiffs' Complaint and any taken subsequent thereto.

**RESPONSE:**

15. Copies of any and all reports made pursuant to the DOT Regulation 396.11(a) by any driver of the tractor and/or trailer involved in the accident made the basis of Plaintiffs' Complaint, and which such reports should cover a period of time for one (1) year next preceding the date of the accident made the basis of the Plaintiffs' Complaint.

**RESPONSE:**

16. In addition to the log books and electronic logs previously requested, you are to produce any and all "time records" for trips of any length or mileage for 30 days prior to the accident made the basis of this claim.

**RESPONSE:**

17. Any and all "dispatch sheets" for trips of any length or mileage for 30 days prior to and including the date of the accident made the basis of this claim.

**RESPONSE:**

18. Any and all freight bills that the Defendant/driver, ALYEA, was paid for during the 30 days prior to the accident and including the day of this accident.

**RESPONSE:**

19. Any and all logs, records or ESI indicating any hours of employment of the Defendant, ALYEA, for any other employer or job wherein said Defendant received

compensation from any employer other than TMC TRANSPORTATION, for the 30 days prior to the accident.

**RESPONSE:**

20. A copy of any and all documents, leases or agreements indicating the Defendant, ALYEA, was an owner/operator or a driver for an owner/operator.

**RESPONSE:**

21. Any and all documents, leases or agreements indicating that the Defendant, ALYEA, was a leased driver and if so, any and all documents concerning the leasing company.

**RESPONSE:**

22. Any and all documents, leases or agreements pertaining to any lease of the truck involved in the accident made the basis of this claim, or the driver, ALYEA.

**RESPONSE:**

23. Any and all documents illustrating the certifications and qualifications of the **certified brake inspectors** who have worked on the truck and trailer involved in the accident made the basis of this claim since the date of purchase or first use by TMC TRANSPORTATION.

**RESPONSE:**

24. Any and all documents illustrating the certifications and qualifications of the **certified mechanics** who have worked on the truck and trailer involved in the accident made the basis of this claim since the date of purchase or first use by TMC TRANSPORTATION.

**RESPONSE:**

25.     Any and all recordings of a conversation between KURT RUSSELL ALYEA and the Safety Department of TMC TRANSPORTATION, or any other individual on the 19TH day of DECEMBER, 2024, following the accident made the basis of this suit.

**RESPONSE:**

26.     Any and all written notices, memorandum, letters, notes or other writings regarding the termination, or discipline of KURT RUSSELL ALYEA subsequent to the accident made the basis of this claim.

**RESPONSE:**

27.     Any and all liability insurance coverage policies (including declaration pages and the like), in force and effect, of <u>any</u> kind and nature whatsoever, affording liability insurance coverage to the Defendants as a consequence of the acts or omissions of TMC TRANSPORTATION, and its agent, KURT RUSSELL ALYEA. This should specifically include the limits of liability coverage which may be available to said defendants, individually or jointly and severally, including but not limited to primary coverage, excess coverage, umbrella coverage, special coverage or otherwise. This request is being made pursuant to the October, 1995 Amendment to the *Alabama Rules of Civil Procedure* 26(b)(2) which adopts the prior F.R.C.P. 26.

**RESPONSE:**

28.     All fueling department records kept by TMC TRANSPORTATION, including printouts from any computer screens which may contain this information or any related information for the time period of KURT RUSSELL ALYEA's employment.

**RESPONSE:**

29.     All toll receipts from the payroll department, including all documents and computer printouts, for the time period of KURT RUSSELL ALYEA' employment.

**RESPONSE:**

30.    Any and all dispatch records whether they be paper documentation, ESI or computer printouts for the time period of KURT RUSSELL ALYEA' employment.

**RESPONSE:**

31.    Any log audits or citations issued by the log clerks or any other individual at TMC TRANSPORTATION or any independent contractor regarding KURT RUSSELL ALYEA.

**RESPONSE:**

32.    Copies of all records associated with safety meetings during ALYEA's employment with TMC TRANSPORTATION, regardless of whether ALYEA attended.

**RESPONSE:**

33.    A copy of the accident register required by DOT Reg. 390.15 for KURT RUSSELL ALYEA's accident of December 19, 2024.

**RESPONSE:**

34.    A copy of KURT RUSSELL ALYEA's "Driver Trip Sheets" indicating the miles traveled in each state as is required. If these are located on computer, ESI or the like then a computer printout or thumb drive will suffice.

**RESPONSE:**

35.    A copy of any photographs, repair and maintenance records related to the property damage sustained by the semi-trailer truck and any attachment in the accident made the basis of this lawsuit. This will include a printout of all repairs and any maintenance performed such as brake adjustments, etc. If this vehicle or trailer was sold, a copy of any and all documentation indicating its sale.

**RESPONSE:**

36.    All photographs, records and videos taken by any Defendant or agent of a Defendant on the day of the subject collision, including all dash camera footage from the

subject tractor truck operated by Defendant Alyea for the entire 24 hour period of December 19, 2024.

**RESPONSE:**

37.    A copy of KURT RUSSELL ALYEA's medical card.

**RESPONSE:**

38.    A copy of a recent cellular phone bill for the phone(s) KURT RUSSELL ALYEA had in the vehicle with him at the time of the collision with Plaintiff.

**RESPONSE:**

39.    All documents and things requested in interrogatories numbered: 4, 10, 13, 14, 18, 19, 25, 28 and 34.

**RESPONSE:**

/s/Mark A. Jackson

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
Attorneys for Plaintiffs
525 Madison Street, Suite 202
Huntsville, Alabama 35801
(256) 533-5306
Email: mark@jacksonlegalteam.com
Email: miller@jacksonlegalteam.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served on the Defendants, by serving contemporaneously with the Complaint in this action.

/s/Mark A. Jackson

**MARK A. JACKSON**



ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN, )
by and through his wife and next )
friend, ANA LUISA HERRIN, and )
ANA LUISA HERRIN, individually, )
)
)
Plaintiffs, )
)
v. )                      CIVIL ACTION NUMBER CV24 -
)
KURT RUSSELL ALYEA; ANNETT )
HOLDINGS, INC. d/b/a )
TMC TRANSPORTATION, et al., )
)
Defendants. )

### REQUEST FOR ADMISSION OF FACTS TO DEFENDANT, KURT RUSSELL ALYEA

COME NOW the Plaintiffs, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, and ANA LUISA HERRIN, (hereinafter sometimes referred to as "Plaintiffs" or "Herrin") in the above styled cause and requests the Defendant, KURT RUSSELL ALYEA (hereinafter sometimes referred to as "DEFENDANT ALYEA" or "ALYEA"), to admit to the truth of the following facts:

The person responding to this Request for Admissions understands that each matter of which an admission is requested herein is admitted unless FORTY-FIVE (45) days after service of the Request, or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the Plaintiff a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefore shall be stated and further, that the answer shall specifically deny the matter or set forth in detail the reasons therefore shall be stated further, that the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny less he states that they had made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not on that ground alone object to the Request.

The individual responding to the Requests for Admission understands that the term "accident" as used within this Request for Admissions means the accident or occurrence referred to in Plaintiff's Complaint and made the basis of this suit.

1.  Admit that on December 19, 2024, on I-65 North at the Tennessee River Bridge in, Morgan County, Alabama, you were operating a semi-tractor truck that was involved in a collision.

    **ANSWER:**

2.  Admit that on December 19, 2024, on I-65 North at the Tennessee River Bridge in, Morgan County, Alabama, the vehicle you were driving collided with a 2014 Toyota Camry.

    **ANSWER:**

3.  Admit that on December 19, 2024, on I-65 North at the Tennessee River Bridge in, Morgan County, Alabama, the tractor-trailer you were driving failed to stay in its lane of travel and struck a vehicle.

    **ANSWER:**

4.  Admit at the time of the incident in question you failed to keep your vehicle in its designated lane of travel.

    **ANSWER:**

5.  Admit that on December 19, 2024 you were traveling North on I-65 at the Tennessee River Bridge and struck a vehicle being operated by Plaintiff, Gerald Ellis Herrin.

    **ANSWER:**

6.  Admit that on December 19, 2024 you were traveling on I-65 Northbound and collided with the rear of a Toyota Camry.

    **ANSWER:**

7.  Admit that on December 19, 2024 you were traveling North on I-65 and collided with the left side of a Toyota Camry.

    **ANSWER:**

8. Admit that on December 19, 2024 you were traveling North on I-65 and collided with the right side of a Toyota Camry.

   **<u>ANSWER:</u>**

9. Admit that on December 19, 2024, the vehicle you were driving was traveling more than 5 MPH over the speed limit at the time of the crash made the basis of this claim.

   **<u>ANSWER:</u>**

10. Admit that on December 19, 2024, the vehicle you were operating was traveling more than 5 MPH over the speed limit at the moment of impact in the crash made the basis of this claim.

    **<u>ANSWER:</u>**

11. Admit that on December 19, 2024, the vehicle you were operating was traveling more than 10 MPH over the speed limit at the time of the crash made the basis of this claim.

    **<u>ANSWER:</u>**

12. Admit that on December 19, 2024, the vehicle you were operating was traveling more than 10 MPH over the speed limit at the moment of impact in the crash made the basis of this claim.

    **<u>ANSWER:</u>**

13. Admit that on December 19, 2024, the vehicle you were operating was traveling more than 15 MPH over the speed limit at the time of the crash made the basis of this claim.

    **<u>ANSWER:</u>**

14. Admit that on December 19, 2024, the vehicle you were operating was traveling more than 15 MPH over the speed limit at the moment of impact in the crash made the basis of this claim.

    **<u>ANSWER:</u>**

15. Admit that on December 19, 2024, the vehicle you were operating was traveling more than 20 MPH over the speed limit at the time of the crash made the basis of this claim.

    **<u>ANSWER:</u>**

16. Admit that on December 19, 2024, the vehicle you were operating was traveling over 55 mph when you entered onto the Tennessee River Bridge.

   **ANSWER:**

17. Admit that on December 19, 2024, you were driving a semi-tractor truck in excess of the posted 55 MPH speed limit when you collided with the vehicle driven by Plaintiff, GERALD ELLIS HERRIN.

   **ANSWER:**

18. Admit that at the time of the collision made the basis of this suit, TMC TRANSPORTATION, was renting or leasing the vehicle you were operating.

   **ANSWER:**

19. Admit that at the time of the collision made the basis of this suit, you were eating.

   **ANSWER:**

20. Admit that at the time of the collision made the basis of this suit, you were eating and driving over the speed limit.

   **ANSWER:**

21. Admit that at the time you hit your brakes for the accident made the basis of this suit, you were driving in a construction zone.

   **ANSWER:**

22. Admit that when you collided with the Plaintiff, GERALD ELLIS HERRIN, he was driving in a construction zone on the Tennessee River Bridge.

   **ANSWER:**

23. Admit that at the time of the collision made the basis of this suit, the semi-tractor truck you were operating had a dash camera.

   **ANSWER:**

24. Admit that at the time of the collision made the basis of this suit, the semi-tractor truck you were operating had a dash camera that recorded the crash.

**ANSWER:**

25.     Admit that at the time of the collision made the basis of this suit, you did not apply your brakes before impact with the Plaintiff.

**ANSWER:**

26.     Admit that at the time of the collision made the basis of this suit, you did not apply your brakes before impact because you were speeding and not paying attention.

**ANSWER:**

27.     Admit that at the time of the collision made the basis of this suit, you were violating the rules of the road when you collided with the vehicle driven by Plaintiff, GERALD ELLIS HERRIN.

**ANSWER:**

28.     Admit that you changed lanes and collided with Plaintiff, GERALD ELLIS HERRIN.

**ANSWER:**

29.     Admit that at the time of the collision made the basis of this suit, there were no obstructions to your vision.

**ANSWER:**

30.     Admit that I-65 Northbound was flat and straight as you approached the area of the subject crash.

**ANSWER:**

31.     Admit that I-65 Northbound was flat and straight for more than 500 yards before the subject crash site.

**ANSWER:**

32.     Admit that at the time of the collision made the basis of this suit, you were not paying attention to the roadway which is the reason you made impact with the vehicle being driven by the Plaintiff.

**ANSWER:**

33.     Admit that at the time of the collision made the basis of this suit, you were under the influence of a controlled substance.

**ANSWER:**

34.     Admit that at the time of the collision made the basis of this suit, you were under the influence of marijuana.

**ANSWER:**

35.     Admit that at the time of the collision made the basis of this suit, you were under the influence of illegal drugs.

**ANSWER:**

36.     Admit that at the time of the collision made the basis of this suit, you were under the influence of narcotics.

**ANSWER:**

37.     Admit that at the time of the collision made the basis of this suit, you were talking on your cellular phone and not paying attention to the roadway.

**ANSWER:**

38.     Admit that at the time of the collision made the basis of this suit, you were talking on your cellular phone and driving over the posted speed limit.

**ANSWER:**

39.     Admit that at the time of the collision made the basis of this suit, you were texting on your cellular phone.

**ANSWER:**

40.     Admit that at the time of the collision made the basis of this suit, you were talking on your cellular phone.

**ANSWER:**

41.     Admit that at the time of the collision made the basis of this suit, you were looking at social media on your cellular phone.

**ANSWER:**

42. Admit that at the time of the collision made the basis of this suit, you were looking at your cellular phone.

**ANSWER:**

43. Admit that at the time of the collision made the basis of this suit, you were traveling in excess of the 55 MPH posted speed limit.

**ANSWER:**

44. Admit that the vehicle you were driving in the collision made the basis of this lawsuit was insured by a liability insurance policy.

**ANSWER:**

45. Admit that the vehicle you were driving in the collision made the basis of this lawsuit was insured by an excess insurance policy.

**ANSWER:**

46. Admit that the vehicle you were driving in the collision made the basis of this lawsuit was insured by three (3) different levels of liability insurance coverage.

**ANSWER:**

47. Admit that you had permission to drive the vehicle you were driving in the collision made the basis of this lawsuit.

**ANSWER:**

48. Admit that you have a past felony conviction.

**ANSWER:**

49. Admit that you had ingested, smoked, eaten or taken an illegal drug within twenty-four (24) hours before the collision made the basis of this suit.

**ANSWER:**

50. Admit that you had ingested, smoked, eaten or taken a controlled substance within twenty-four (24) hours before the collision made the basis of this suit.

**ANSWER:**

51. Admit that you had ingested, smoked, eaten or taken marijuana within thirty (30) days of the collision made the basis of this suit.

   **ANSWER:**

52. Admit that following the subject accident you underwent drug screen testing within 72 hours.

   **ANSWER:**

53. Admit that following the subject accident you underwent drug screen testing required by your employer.

   **ANSWER:**

54. Admit that following the subject accident you underwent drug screen testing required by workers compensation.

   **ANSWER:**

55. Admit that following the subject accident you underwent urine or blood testing within 48 hours.

   **ANSWER:**

56. Admit that you slept less than 8 hours during the 24 hour period before the collision made the basis of this lawsuit.

   **ANSWER:**

57. Admit that you slept less than 6 hours during the 24 hour period before the collision made the basis of this lawsuit.

   **ANSWER:**

58. Admit that at the time of the collision made the basis of this lawsuit you were on the job for Annett Holdings, Inc.

   **ANSWER:**

59. Admit that at the time of the collision made the basis of this lawsuit you were working for TMC Transportation.

   **ANSWER:**

60. Admit that at the time of the collision made the basis of this lawsuit you were in the line and scope of your employment with TMC Transportation.

**ANSWER:**

61. Admit that in the weeks leading up to the collision made the basis of this lawsuit you were getting your paychecks from Annett Holdings, Inc. or TMC Transportation.

**ANSWER:**

62. Admit that at the time of the collision made the basis of this lawsuit the roadway was not under construction.

**ANSWER:**

63. Admit that at the time of the collision made the basis of this lawsuit you were snacking.

**ANSWER:**

64. Admit that at the time of the collision made the basis of this lawsuit you had taken a bite of food within three (3) minutes prior to the subject crash.

**ANSWER:**

65. Admit that at the time of the collision made the basis of this suit, the Plaintiff was caused to suffer bodily injuries.

**ANSWER:**

66. Admit that at the time of the collision made the basis of this suit, you owned the vehicle you were operating.

**ANSWER:**

67. Admit that at the time of the collision made the basis of this suit, TMC Transportation owned the vehicle you were operating.

**ANSWER:**

68. Admit that at the time of the collision made the basis of this suit, the brakes on the semi-tractor trailer were working properly.

**ANSWER:**

69. Admit that this collision was solely your fault.

   **ANSWER:**

70. Admit that at the time of the collision made the basis of this suit, Plaintiff's injuries were not suffered as a result of the willful neglect of the Plaintiff, GERALD ELLIS HERRIN, to perform a statutory duty or due to any other willful violation of the law.

   **ANSWER:**

71. Admit that this collision was not GERALD ELLIS HERRIN's fault.

   **ANSWER:**

72. Admit that as a result of the collision made the basis of this suit, you were injured.

   **ANSWER:**

73. Admit that as a result of the injuries sustained in this accident, the Plaintiff, GERALD ELLIS HERRIN, has been treated by physicians.

   **ANSWER:**

74. Admit that your vehicle switched lane and struck the vehicle occupied by the Plaintiff, GERALD ELLIS HERRIN, at the time of the incident made the basis of this lawsuit.

   **ANSWER:**

75. Admit that GERALD ELLIS HERRIN did not contribute to this accident.

   **ANSWER:**

76. Admit that GERALD ELLIS HERRIN did not do anything wrong in the operation of his vehicle at the time of the subject collision.

   **ANSWER:**

77. Admit that vehicle occupied by the Plaintiff, GERALD ELLIS HERRIN, was in its own lane of travel when the subject collision occurred on December 19, 2024.

   **ANSWER:**

78. Admit that the Defendants have been properly named in this action.

**ANSWER:**

79. Admit that at the time of the collision made the basis of this suit, there were no obstructions to your vision.

**ANSWER:**

80. Admit that at the time of the collision made the basis of this suit, you were traveling at a speed that would not allow you to avoid hitting the vehicle occupied by Plaintiff, GERALD ELLIS HERRIN.

**ANSWER:**

81. Admit that at the time of the collision made the basis of this suit, you were taking prescription medication.

**ANSWER:**

82. Admit that at the time of the collision made the basis of this suit, you were talking on your cellular phone and not paying attention to the roadway.

**ANSWER:**

83. Admit that at the time of the collision made the basis of this suit, you were texting on your cellular phone.

**ANSWER:**

84. Admit that at the time of the collision made the basis of this suit, you were looking at a cellular phone, I-Pad or Tablet.

**ANSWER:**

85. Admit that the above responses are those of the defendant Kurt Russell Alyea and not a lawyer.

**ANSWER:**

86. Admit that the Defendant, Kurt Russell Alyea, has reviewed all the above Request for Admission and the responses to each.

**ANSWER**

/s/Mark A. Jackson

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
Attorneys for Plaintiffs
525 Madison Street, Suite 202
Huntsville, Alabama 35801
(256) 533-5306
Email: mark@jacksonlegalteam.com
Email: miller@jacksonlegalteam.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served on the Defendant, KURT RUSSELL ALYEA, by serving contemporaneously with the Complaint in this action.

/s/Mark A. Jackson

**MARK A. JACKSON**


ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | |
|---|---|
| GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, and ANA LUISA HERRIN, individually, <br><br> Plaintiffs, <br><br> v. <br><br> KURT RUSSELL ALYEA; ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, et al., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NUMBER CV24 -

### REQUEST FOR ADMISSION OF FACTS TO DEFENDANT, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION

COMES NOW the Plaintiffs, GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, and ANA LUISA HERRIN, (hereinafter sometimes referred to as "Plaintiffs" or "Herrin") in the above styled cause and requests the Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION (hereinafter sometimes referred to as "TMC TRANSPORTATION"), to admit to the truth of the following facts:

The person responding to this Request for Admissions understands that each matter of which an admission is requested herein is admitted unless FORTY-FIVE (45) days after service of the Request, or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the Plaintiff a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefore shall be stated and further, that the answer shall specifically deny the matter or set forth in detail the reasons therefore shall be stated further, that the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny less he states that they had made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not on that ground alone object to the Request.

The individual responding to the Requests for Admission understands that the term "accident" as used within this Request for Admissions means the accident or occurrence referred to in Plaintiff's Complaint and made the basis of this suit.

1. Admit that the defendants were subject to the Federal Motor Carrier Safety Regulations at the time of the accident in question as codified at 49 CFR, Parts 200-399 and the Alabama Motor Carrier Act; Section 37-3-1 et seq.

   **ANSWER:**

2. Admit that Kurt Russell Alyea was operating a semi-tractor truck within the line and scope of his employment with defendant, TMC TRANSPORTATION, at the time of the accident on December 19, 2024.

   **ANSWER:**

3. Admit that GERALD ELLIS HERRIN was without fault in causing the accident and was in no way contributory negligent.

   **ANSWER:**

4. Admit that the defendant, Kurt Russell Alyea, failed to control his truck and hit the rear of Plaintiff's automobile while he was traveling in his lane of traffic on I-65 Northbound in Morgan County, Alabama.

   **ANSWER:**

5. Admit that the defendant's truck was overloaded at the time the accident occurred.

   **ANSWER:**

6. Admit that the defendant's truck was not overloaded at the time the accident occurred.

   **ANSWER:**

7. Admit that the defendant's load shifted suddenly immediately prior to the accident.

   **ANSWER:**

8. Admit that the defendant driver, Kurt Russell Alyea, was driving too fast to control his vehicle prior to the collision.

   **ANSWER:**

9. Admit that the defendant, Kurt Russell Alyea, did not satisfy himself prior to the trip during which the accident occurred that his brakes, steering mechanism, lights, tires, horns, windshield wipers, rear-view mirrors and coupling devices were in good working order.

   **ANSWER:**

10. Admit that the defendant, Kurt Russell Alyea, could not properly visualize the roadway ahead of him to safely travel at the posted 55 MPH speed limit.

    **ANSWER:**

11. Admit that the defendant, Kurt Russell Alyea, did not recheck his cargo after he commenced his trip during which the accident occurred.

    **ANSWER:**

12. Admit that the brakes on the truck were inadequate to control the movement of, and to stop and hold, the truck in question.

    **ANSWER:**

13. Admit that brakes were not present or working on all wheels.

    **ANSWER:**

14. Admit that the tires on the truck were unsafe.

    **ANSWER:**

15. Admit that the trip exceeded the amount of time a driver is allowed to drive without stopping and the defendant did not receive the required amount of rest as stipulated by the regulations.

    **ANSWER:**

16. Admit that the driver, Kurt Russell Alyea, did not accurately and correctly maintain logs of his duty status.

    **ANSWER:**

17. Admit that the truck driver in violation of the law kept two sets of logbooks.

   **ANSWER:**

18. Admit that the truck in question was improperly serviced and maintained.

   **ANSWER:**

19. Admit that the defendant truck driver and TMC TRANSPORTATION were subject to applicable Public Service Commission Regulations.

   **ANSWER:**

20. Admit that the defendant truck driver and his employer were subject to the Commercial Vehicle Safety Alliance "Out-of-Service-Criteria".

   **ANSWER:**

21. Admit that TMC TRANSPORTATION negligently entrusted the semi-tractor truck to Kurt Russell Alyea.

   **ANSWER:**

22. Admit that the defendant, Kurt Russell Alyea, proximately caused the injuries to the plaintiff as enumerated in the complaint.

   **ANSWER:**

23. Admit that the defendant truck driver never applied his brakes before crashing into the rear of the plaintiff's vehicle.

   **ANSWER:**

24. Admit that the defendant truck driver never applied his brakes before crashing into the plaintiff's vehicle.

   **ANSWER:**

25. Admit that the defendant driver had used alcohol the evening or night before this accident.

   **ANSWER:**

26. Admit that the defendant, Kurt Russell Alyea, has exceeded the speed limit while driving within the line and scope of his employment for TMC TRANSPORTATION.

**ANSWER:**

27. Admit that the defendant, Kurt Russell Alyea, has been involved in other accidents while driving for TMC TRANSPORTATION or previous employers or persons.

**ANSWER:**

28. Admit that the defendant, Kurt Russell Alyea, has driven a vehicle for TMC TRANSPORTATION or prior employers or persons while ill or fatigued.

**ANSWER:**

29. Admit that the defendant, Kurt Russell Alyea, has overloaded trucks in the past.

**ANSWER:**

30. Admit that the defendant, Kurt Russell Alyea, has received citations for excessive weight of commercial vehicles he was driving in the past.

**ANSWER:**

31. Admit that the defendant, Kurt Russell Alyea, has a perfect driving record.

**ANSWER:**

32. Admit that the defendant, Kurt Russell Alyea, does not have a perfect driving record.

**ANSWER:**

33. Admit that the defendant, Kurt Russell Alyea, has or has had more than one driver's license.

**ANSWER:**

34. Admit that the defendant, Kurt Russell Alyea, was talking on a CB radio prior to the accident made the basis of this lawsuit.

**ANSWER:**

35. Admit that the defendant, Kurt Russell Alyea's, compensation from TMC TRANSPORTATION was based upon the number of runs he made.

**ANSWER:**

36. Admit that the defendant, TMC TRANSPORTATION, paid its truck drivers on a fee based upon the number of runs they made within a time period.

**ANSWER:**

37. Admit that the defendant, TMC TRANSPORTATION, paid its truck drivers on a fee based upon the number of miles they drove.

**ANSWER:**

/s/Mark A. Jackson

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
Attorneys for Plaintiffs
525 Madison Street, Suite 202
Huntsville, Alabama 35801
(256) 533-5306
Email: mark@jacksonlegalteam.com
Email: miller@jacksonlegalteam.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served on the Defendants, by serving contemporaneously with the Complaint in this action.

/s/Mark A. Jackson

**MARK A. JACKSON**

ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | |
|---|---|
| GERALD ELLIS HERRIN,<br>by and through his wife and next<br>friend, ANA LUISA HERRIN, and<br>ANA LUISA HERRIN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>KURT RUSSELL ALYEA; ANNETT<br>HOLDINGS, INC. d/b/a<br>TMC TRANSPORTATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

On the right side, aligned with "v.":

**CIVIL ACTION NUMBER CV24 -**

## NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that the undersigned party to this cause will take the deposition of the following named person, pursuant to the provisions of Rule 30 of the Alabama Rules of Civil Procedure, for the purpose of discovery, or for use as evidence in the trial of the above styled cause, or for both purposes, said deposition to be held at the time, date and place indicated before a court reporter or some other person authorized by law to take deposition. The deposition will continue from time to time until completed.

| | |
|---|---|
| **DATE:** | **TBD** |
| **TIME:** | **TBD** |
| **DEPOSITION OF:** | **KURT RUSSELL ALYEA** |
| **PLACE:** | **Office of Mark A. Jackson, P. C.**<br>**525 Madison Street, Suite 202**<br>**Huntsville, Alabama 35801** |

/s/ Mark A. Jackson

---

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
**Attorneys for Plaintiffs**
**525 Madison Street SE, Suite 202**
**Huntsville, Alabama 35801**
**Telephone: (256)533-5306**
**Email: mark@jacksonlegalteam.com**
       **miller@jacksonlegalteam.com**

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY a true copy of the foregoing has been furnished to the Defendant by serving contemporaneously with the Complaint in this matter.

/s/Mark A. Jackson

MARK A. JACKSON


Draft Only



ELECTRONICALLY FILED
12/27/2024 5:40 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| GERALD ELLIS HERRIN, by and through his wife and next friend, ANA LUISA HERRIN, and ANA LUISA HERRIN, individually, | ) ) ) ) | |
| | ) ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER CV24** |
| | ) | |
| KURT RUSSELL ALYEA; ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, et al., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF RULE 30(b)(5) AND (6) DEPOSITION OF DEFENDANT, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION

PLEASE TAKE NOTICE that on A DATE TO BE DETERMINED at the offices of MARK A. JACKSON, P. C., 525 Madison Street, Suite 202, Huntsville, Alabama 35801, before a Court Reporter duly authorized under the laws of the State of Alabama, Plaintiff will take the deposition pursuant to Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure, of the individual employed by the Defendant, **ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION**, who is designated by the Defendants to testify about matters set out within this Notice, or who has the most knowledge regarding the matters contained herein and specifically with regard to the matters referred to in paragraphs numbered 1 through 23.

### TABLE OF DEFINITIONS/ABBREVIATIONS

The Plaintiff sets forth the following definitions of various words and phrases which are contained in this Request for Discovery. Plaintiff provides the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help the Defendants understand the objectives of Plaintiff's discovery efforts and to locate and furnish the relevant information and materials.

A. " **Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION**," - This term, when used, refers to the Defendant, **Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION,** its subsidiaries, divisions or any other entity by whatever name and/or denomination which was a predecessor or successor in interest, including any entity which may have merged or consolidated with **Defendant, ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION.**

B. "**Documents**" - This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers. In addition to a copy of the original of any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, electronic mail, interoffice communications or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort. The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, original (or copies where originals are not available) of correspondence, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of meetings of conferences, minutes of director's or committee meetings, whether formal or informal, memoranda, interoffice communications, studies, analyses, working papers, statistical reports, ledgers, books of account, vouchers, invoices, receipts, computer data, stenographer's notebooks, desk calendars, appointment books, operating statements, payroll and expense records, diaries or papers similar to any of the foregoing, however denominated.

C. "**Incident, Said Incident**" - This phrase is intended to refer to the occasion of the incident that occurred on the date and occasion set forth in Plaintiff's complaint. The details of the occasion of said incident are more fully set forth in the Plaintiff's complaint.

D. "**Information**" - This term is intended to include reference to both facts and applicable principals; this word should not be construed to be limited to any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

E. "**Other Incidents, Other Similar Incidents**" - Whenever either of these phrases is employed, it is intended to refer to any other incident the

occurrence of which involves a similar situation as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar situation as that alleged in the present incident.

F.    "**You, Your, Your Company, The Defendants**" - The use of each or either of these words or phrases is intended to refer to the Defendants to whom the attached request is addressed and on whose behalf the response is being made. With respect to the Defendants which are corporations, then either or each of these words or phrases is intended to refer to each and any department, division, office, agency or affiliate thereof.  Further, either and each of said words or phrases is intended to include any successor(s) or predecessor(s), firm or corporation and is intended to include any parent(s) corporation as well as any other corporate business entity with which said corporation is merged or consolidated.  Each or either of such words or phrases is intended to include present and former officers, directors, agents, employees and any and all other persons, firms or other corporations acting or purporting to act on behalf of "you", "your", "your company" or "the defendants".

The matters upon which examination is requested at such a deposition being as follows:

1.    Testimony and documents evidencing or relating to any and all drivers' logs (written, electronic or otherwise) kept by the Defendants pursuant to the Department of Transportation regulations for a period of six (6) months prior to the accident made the basis of the Plaintiffs' Complaint.

2.    Testimony and documents evidencing or relating to any and all "supporting" and/or "associated" documentation which would accompany or be related to ALYEA'S log reports such as fuel tickets and receipts, bills of lading, dispatch records, toll tickets and receipts, weight/scale tickets and receipts, driver call-in records, freight bills, drivers records, time records, assignment records, credit card receipts, delivery records and receipts, driver reports, expense vouchers, gate receipts, data provided by global positioning devices, invoices, on-board computer records, trip reports, data provided by Qualcom, Peoplenet, and other satellite tracking systems, GPS, AVL's, trip recorders/tachographs and log scanners.

3

3.     Testimony and documents evidencing or relating to any and all driver's records, employment files, personnel files, employment application, physicals, history, or the like pertaining to KURT RUSSELL ALYEA either in the possession of ALYEA or TMC TRANSPORTATION.

4.     Testimony and documents evidencing or relating to any driving history in the possession of TMC TRANSPORTATION, as it pertains to KURT RUSSELL ALYEA.

5.     Testimony and documents evidencing or relating to any and all Copies of the Department of Transportation certification tests of ALYEA for five (5) years next preceding the accident made the basis of the Plaintiffs' Complaint.

6.     Testimony and documents evidencing or relating to any and all maintenance records, repair records, inspection records or the like as it pertains to the truck or tractor and trailer or compartment attached thereto being driven by the Defendant, ALYEA, and involved in an accident with GERALD ELLIS HERRIN, on the date set forth in Plaintiffs' Complaint.

7.     Testimony and documents evidencing or relating to any and all driver's inspection reports, maintenance records, trip inspection reports or the like maintained by ALYEA pursuant to the Department of Transportation regulations during the trip made by ALYEA from the beginning of the trip to the point that the accident made the basis of this action occurred, including trips he and/or the subject truck made for 72 hours prior to this accident.

8.     Testimony and documents evidencing or relating to any and all inspection reports for the truck or tractor and attachment to such truck and tractor involved in the accident made the basis of the Plaintiffs' Complaint, whether such inspection reports occurred pursuant to the DOT regulations or otherwise made pursuant to the Defendant's, TMC TRANSPORTATION, own policies and procedures, for a period of one (1) year next preceding the date of the accident made the basis of the Plaintiffs' Complaint.

9.     Testimony and documents evidencing or relating to the entire personnel file and any other file maintained by TMC TRANSPORTATION, on Defendant, ALYEA.

10.     Testimony and documents evidencing or relating to any and all policies and procedures, memos, directives, orders, training documents, instruction manuals, employee handbooks or the like issued by the Defendant,

TMC TRANSPORTATION, to drivers of its vehicles, which documents would include any such documents issued within five (5) years next preceding the date of the accident made the basis of the Plaintiffs' Complaint.

11.     Testimony and documents evidencing or relating to any and all inspection reports, inspection documents, photographs, video tapes, dash cam footage or the like concerning the accident made the basis of the Plaintiffs' Complaint.

12.     Testimony and documents evidencing or relating to any and all witness statements, transcription of witness statements, video of witnesses, notes of witness statements or the like in the possession of the Defendants concerning the accident made the basis of the Plaintiffs' Complaint.

13.     Testimony and documents evidencing or relating to any and all electronic logs and written driver's logs kept by the Defendant driver, ALYEA and TMC TRANSPORTATION, pursuant to the Department of Transportation Regulations for a period of six (6) months prior to the accident made the basis of the Plaintiffs' Complaint, regardless of the employer.

14.     Testimony and documents evidencing or relating to any and all drug tests, drug screening urinalysis, blood tests or the like taken by KURT RUSSELL ALYEA from the date he was first employed with TMC TRANSPORTATION, to the present.  This will include all tests or screens taken as a result of the accident made the basis of the Plaintiffs' Complaint and any taken subsequent thereto.

15.     Testimony and documents evidencing or relating to any and all reports made pursuant to the DOT Regulation 396.11(a) by any driver of the tractor and/or trailer involved in the accident made the basis of Plaintiffs' Complaint, and which such reports should cover a period of time for one (1) year next preceding the date of the accident made the basis of the Plaintiffs' Complaint.

16.     Testimony and documents evidencing or relating to any and all log books and electronic logs, any and all "time records" for trips of any length or mileage for 30 days prior to the accident made the basis of this claim.

17.     Testimony and documents evidencing or relating to any and all "dispatch sheets" for trips of any length or mileage for 30 days prior to and including the date of the accident made the basis of this claim.

18.     Testimony and documents evidencing or relating to any and all freight bills that the Defendant/driver, ALYEA, was paid for during the 30 days prior to the accident and including the day of this accident.

19. Testimony and documents evidencing or relating to any and all logs, records or ESI indicating any hours of employment of the Defendant, ALYEA, for any other employer or job wherein said Defendant received compensation from any employer other than TMC TRANSPORTATION, for the 30 days prior to the accident.

20. Testimony and documents evidencing or relating to any and all documents, leases or agreements indicating the Defendant, ALYEA, was an owner/operator or a driver for an owner/operator.

21. Testimony and documents evidencing or relating to any and all documents, leases or agreements indicating that the Defendant, ALYEA, was a leased driver and if so, any and all documents concerning the leasing company.

22. Testimony and documents evidencing or relating to any and all documents, leases or agreements pertaining to any lease of the truck involved in the accident made the basis of this claim, or the driver, ALYEA.

23. Testimony and documents evidencing or relating to any and all documents illustrating the certifications and qualifications of the **certified brake inspectors** who have worked on the truck and trailer involved in the accident made the basis of this claim since the date of purchase or first use by TMC TRANSPORTATION.

24. Testimony and documents evidencing or relating to any and all documents illustrating the certifications and qualifications of the **certified mechanics** who have worked on the truck and trailer involved in the accident made the basis of this claim since the date of purchase or first use by TMC TRANSPORTATION.

25. Testimony and documents evidencing or relating to any and all recordings of a conversation between KURT RUSSELL ALYEA and the Safety Department of TMC TRANSPORTATION, or any other individual on the 19TH day of DECEMBER, 2024, following the accident made the basis of this suit.

26. Testimony and documents evidencing or relating to any and all written notices, memorandum, letters, notes or other writings regarding the termination, or discipline of KURT RUSSELL ALYEA subsequent to the accident made the basis of this claim.

27. Testimony and documents evidencing or relating to any and all liability insurance coverage policies (including declaration pages and the like), in

6

force and effect, of <u>any</u> kind and nature whatsoever, affording liability insurance coverage to the Defendants as a consequence of the acts or omissions of TMC TRANSPORTATION, and its agent, KURT RUSSELL ALYEA. This should specifically include the limits of liability coverage which may be available to said defendants, individually or jointly and severally, including but not limited to primary coverage, excess coverage, umbrella coverage, special coverage or otherwise. This request is being made pursuant to the October, 1995 Amendment to the *Alabama Rules of Civil Procedure* 26(b)(2) which adopts the prior F.R.C.P. 26.

28. Testimony and documents evidencing or relating to any and all fueling department records kept by TMC TRANSPORTATION, including printouts from any computer screens which may contain this information or any related information for the time period of KURT RUSSELL ALYEA's employment.

29. Testimony and documents evidencing or relating to any and all toll receipts from the payroll department, including all documents and computer printouts, for the time period of KURT RUSSELL ALYEA' employment.

30. Testimony and documents evidencing or relating to any and all dispatch records whether they be paper documentation, ESI or computer printouts for the time period of KURT RUSSELL ALYEA' employment.

31. Testimony and documents evidencing or relating to any and all log audits or citations issued by the log clerks or any other individual at TMC TRANSPORTATION or any independent contractor regarding KURT RUSSELL ALYEA.

32. Testimony and documents evidencing or relating to any and all records associated with safety meetings during ALYEA's employment with TMC TRANSPORTATION, regardless of whether ALYEA attended.

33. Testimony and documents evidencing or relating to the accident register required by DOT Reg. 390.15 for KURT RUSSELL ALYEA's accident of December 19, 2024.

34. Testimony and documents evidencing or relating to KURT RUSSELL ALYEA's "Driver Trip Sheets" indicating the miles traveled in each state as is required.

35. Testimony and documents evidencing or relating to any and all photographs, repair and maintenance records related to the property damage sustained by the semi-trailer truck and any attachment in the accident made the basis of this lawsuit. This will include a printout of all repairs and any maintenance

performed such as brake adjustments, etc.  If this vehicle or trailer was sold, a copy of any and all documentation indicating its sale.

36.     Testimony and documents evidencing or relating to any and all photographs, records and videos taken by any Defendant or agent of a Defendant on the day of the subject collision, including all dash camera footage from the subject tractor truck operated by Defendant Alyea for the entire 24 hour period of December 19, 2024.

37.     Testimony and documents evidencing or relating to KURT RUSSELL ALYEA's medical card.

38.     Testimony and documents evidencing or relating to the recent cellular phone bill for the phone(s) KURT RUSSELL ALYEA had in the vehicle with him at the time of the collision with Plaintiff.

Also, please note that pursuant to Rule 30(b)(5) and (6), the deponent "shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf and the persons so designated shall testify as to matters known or reasonably available to" the deponent.

Further, and pursuant to Rule (30)(b)(5), Plaintiff requests that at the time and place of the taking of said deposition, the deponent produce for inspection and copying such documents as defined which evidences or relates to any of the subject matter described in items 1 through 23 above.

You should further note that in the event the deponent corporation contends that certain books, papers, documents or tangible things are privileged, or refuses to produce, and for any reason, including but not limited to a claim of privilege, the deponent is hereby requested to identify the book, paper, document or tangible thing and give the name and address of the custodian therefore and the reason specifically for its contention that such document is privileged.

/s/ Mark A. Jackson

**MARK A. JACKSON (JAC044)**
**MILLER JACKSON (JAC141)**
**Attorneys for Plaintiffs**
**525 Madison Street SE, Suite 202**
**Huntsville, Alabama 35801**
**Telephone: (256)533-5306**
**Email:** mark@jacksonlegalteam.com
miller@jacksonlegalteam.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Discovery has been served upon the Defendant by serving contemporaneously with the Complaint in this matter.

/s/ Mark A. Jackson

**MARK A. JACKSON**



**AlaFile E-Notice**

52-CV-2024-900590.00

To: MARK A. JACKSON
mark@jacksonlegalteam.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following complaint was FILED on 12/27/2024 5:40:55 PM

Notice Date:    12/27/2024 5:40:55 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



# AlaFile E-Notice

52-CV-2024-900590.00

To: KURT RUSSELL ALYEA
1934 E. 500 S.
SHELBYVILLE, IN, 46176

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following complaint was FILED on 12/27/2024 5:40:55 PM

Notice Date:     12/27/2024 5:40:55 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



## AlaFile E-Notice

52-CV-2024-900590.00

To: ANNETT HOLDINGS, INC. D/B/A TMC TRANSPORTATION
C/O C T CORPORATION SYST
400 E. COURT AVE. #110
DES MOINES, IA, 50309

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following complaint was FILED on 12/27/2024 5:40:55 PM

Notice Date:     12/27/2024 5:40:55 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>52-CV-2024-900590.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**
**GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL**

**NOTICE TO:** KURT RUSSELL ALYEA, 1934 E. 500 S., SHELBYVILLE, IN 46176

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MARK A. JACKSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 525 MADISON STREET, SUITE 202, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    GERALD ELLIS HERRIN
pursuant to the Alabama Rules of the Civil Procedure.    *[Name(s)]*

| 12/27/2024 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ MARK A. JACKSON

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |
|---|---|

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |
|---|---|

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>52-CV-2024-900590.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
## GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL

**NOTICE TO:** ANNETT HOLDINGS, INC. D/B/A TMC TRANSPORTATION, C/O  C T CORPORATION SYST 400 E. COURT AVE. #110, DES MOINES, IA 50309

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MARK A. JACKSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 525 MADISON STREET, SUITE 202, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

GERALD ELLIS HERRIN
*[Name(s)]*

| 12/27/2024 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ MARK A. JACKSON

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

**Certified Mail**

☐ Return receipt of certified mail received in this office on

*(Date)*

**Personal/Authorized**

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*        *(Name of County)*        *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

**Return of Non-Service**

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*        *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

ELECTRONICALLY FILED
1/30/2025 3:11 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | C<br>5 |
|---|---|---|

### IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
### GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL

**NOTICE TO:** KURT RUSSELL ALYEA, 1934 E. 500 S., SHELBYVILLE, IN 46176

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MARK A. JACKSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 525 MADISON STREET, SUITE 202, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.      GERALD ELLIS HERRIN *[Name(s)]*

| 12/27/2024 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ MARK A. JACKSON

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

**Certified Mail**

☑ Return receipt of certified mail received in this office on   1/14/25 Served

*(Date)*

**Personal/Authorized**

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

**Return of Non-Service**

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* | |
|---|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | **Service Return Copy** | |



DOCUMENT 12

MARK A. JACKSON, P.C.
Attorney At Law
525 Madison Street, Suite 202
HUNTSVILLE, ALABAMA 35801

TO: KURT RUSSELL ALYEA
1934 E 500 S.
SHELBYVILLE, IN 46176

US POSTAGE $ 021.16
FIRST-CLASS

CERTIFIED MAIL

7020 0640 0001 0673 0349

Draft Only

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KURT RUSSELL ALYEA
1934 E 500 S.
SHELBYVILLE, IN 46176

9590 9402 9091 4122 0918 19

2. Article Number (Transfer from service label)

7020 0640 0001 0673 0349

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kurt Alyea ☐ Agent ☐ Addressee

B. Received by (Printed Name) Kurt Alyea
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JAN 14 2025

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

**AlaFile E-Notice**

52-CV-2024-900590.00

To:   MARK A. JACKSON
      mark@jacksonlegalteam.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:11:07 PM

Notice Date:      1/30/2025 3:11:07 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



## AlaFile E-Notice

52-CV-2024-900590.00

To: ALYEA KURT RUSSELL (PRO SE)
1934 E. 500 S.
SHELBYVILLE, IN, 46176-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:11:07 PM

Notice Date:     1/30/2025 3:11:07 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



## AlaFile E-Notice

52-CV-2024-900590.00

To: ANNETT HOLDINGS, INC. D/B/A TMC TRANSPORTATION (PRO S
C/O C T CORPORATION SYST
400 E. COURT AVE. #110
DES MOINES, IA, 50309-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:11:07 PM

Notice Date:     1/30/2025 3:11:07 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



**AlaFile E-Notice**

52-CV-2024-900590.00

To: JACKSON MILLER SMITH
miller@jacksonlegalteam.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:11:07 PM

Notice Date:     1/30/2025 3:11:07 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



**AlaFile E-Notice**

52-CV-2024-900590.00

To: MARK A. JACKSON
mark@jacksonlegalteam.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:11:07 PM

Notice Date: 1/30/2025 3:11:07 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

ELECTRONICALLY FILED
1/30/2025 3:13 PM
52-CV-2024-900590.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

| State of Alabama Unified Judicial System Form C-34 Rev. 7/2023 | SUMMONS - CIVIL - | C 5 |
|---|---|---|

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
## GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL

**NOTICE TO:** ANNETT HOLDINGS, INC. D/B/A TMC TRANSPORTATION, C/O C T CORPORATION SYST 400 E. COURT AVE. #110, DES MOINES, IA 50309

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MARK A. JACKSON

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 525 MADISON STREET, SUITE 202, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

GERALD ELLIS HERRIN
*[Name(s)]*

| 12/27/2024 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ MARK A. JACKSON
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☑ Return receipt of certified mail received in this office on [Certified Mail] 1/13/2025 Served
*(Date)*

**Personal/Authorized**

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

**Return of Non-Service**

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | **Service Return Copy** |





**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION
c/o C T Corporation System
400 E. Court Avenue, Suite 110
Des Moines, IA 50309

9590 9402 9091 4122 0918 26

2. Article Number (Transfer from service label)

7020 0640 0001 0673 0356

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Melissa Milam    JAN 1 3 2025

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery    $ 3.24
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery $

Postage
$

Postmark
Here

ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION
c/o C T Corporation System
400 E. Court Avenue, Suite 110
Des Moines, IA 50309

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



**AlaFile E-Notice**

52-CV-2024-900590.00

To: MARK A. JACKSON
mark@jacksonlegalteam.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:13:28 PM

Notice Date:     1/30/2025 3:13:28 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



## AlaFile E-Notice

52-CV-2024-900590.00

To: ALYEA KURT RUSSELL (PRO SE)
1934 E. 500 S.
SHELBYVILLE, IN, 46176-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:13:28 PM

Notice Date:     1/30/2025 3:13:28 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



## AlaFile E-Notice

52-CV-2024-900590.00

To: ANNETT HOLDINGS, INC. D/B/A TMC TRANSPORTATION (PRO S
C/O  C T CORPORATION SYST
400 E. COURT AVE. #110
DES MOINES, IA, 50309-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:13:28 PM

Notice Date:     1/30/2025 3:13:28 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



## AlaFile E-Notice

52-CV-2024-900590.00

To: JACKSON MILLER SMITH
miller@jacksonlegalteam.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:13:28 PM

Notice Date:      1/30/2025 3:13:28 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



## AlaFile E-Notice

52-CV-2024-900590.00

To: MARK A. JACKSON
mark@jacksonlegalteam.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

GERALD ELLIS HERRIN ET AL V. KURT RUSSELL ALYEA ET AL
52-CV-2024-900590.00

The following RETURN ON SERVICE - SERVED was FILED on 1/30/2025 3:13:28 PM

Notice Date:     1/30/2025 3:13:28 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov